Opinion issued June 27, 2002







 








In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00881-CV

____________


DALE MICHELLE POWERS, Appellant


V.


MEMORIAL HERMANN HOSPITAL SYSTEM AND PHILLIP ADAMS,
M.D., Appellees






On Appeal from the 61st District Court

Harris County, Texas

Trial Court Cause No. 0062177






O P I N I O N

 Appellant, Dale Michelle Powers, challenges the trial court's dismissal of her
medical-malpractice suit against appellees, Memorial Hermann Hospital System
(Hermann Hospital) and Phillip Adams, M.D. Powers, in two points of error, argues
the trial court erred: (1) by granting Hermann Hospital and Adams's motions to
dismiss under article 4590i of the Medical Liability and Insurance Improvement Act
(the Act) and (2) by denying Powers's amended motion for extension of time to
produce an expert report and abate and stay the proceedings. We affirm. 

Background

 On December 5, 2000, Powers filed suit against Hermann Hospital and Adams,
claiming medical-malpractice arising from her care and treatment performed by
Hermann Hospital and Adams following a car accident. Under the Act, Powers was
required, within 180 days of filing her suit, to furnish Hermann Hospital and Adams
an expert report, with curriculum vitae, or voluntarily file a nonsuit. Tex. Rev. Civ.
Stat. Ann. art. 4590i §13.01(d) (Vernon Supp. 2002). The 180-day time period for
filing an expert report, with curriculum vitae, expired on June 4, 2001. Powers, on
June 4, 2001, instead timely filed a motion to extend time to produce an expert report. 
On June 31, 2001, before the oral hearing on Powers's motion to extend, she filed an
"Amended Motion to Extend Time for Expert Report and Abate and Stay the
Proceedings," based on Hermann Hospital's inability to "process the records and. . .
to determine exactly when they [Hermann Hospital] will be operable. . .due to the
massive flooding of [Tropical Storm] Allison." On July 2, 2001, Hermann Hospital
filed a motion to dismiss stating Powers did not comply with the Act because she
failed to furnish it with an expert report, with curriculum vitae, within 180 days of her
filing suit. (1) Following a hearing on August 10, 2001, the trial court (1) denied
Powers's motion to extend time for expert report and abate and stay the proceedings
and (2) granted Hermann Hospital's motion to dismiss. 

 On September 4, 2001, Adams filed a motion to dismiss, also citing Powers's
failure to file an expert report within 180 days of filing suit. On September 21, 2001,
after oral argument, the trial court granted Adams's motion to dismiss. 

Dismissal of Medical-Malpractice Claim

 In point of error one, Powers argues the trial court abused its discretion by
granting Hermann Hospital and Adams's motions to dismiss. Because Powers's
medical-malpractice claim was governed by article 4590i, she was required, within
180 days of filing her suit, to furnish Hermann Hospital and Adams an expert report,
with curriculum vitae, or voluntarily file a nonsuit. Tex. Rev. Civ. Stat. Ann. art.
4590i, §§ 1.03(a)(4), 13.01(d) (Vernon Supp. 2002). 

 Under section 13.01(e), when a claimant fails to provide an expert report as
required by section 13.01(d), the trial court shall, on motion of the defendant physician
or health care provider, enter an order awarding as sanctions against the claimant or
the claimant's attorney:

 (3) the dismissal of the action of the claimant against that
defendant with prejudice to the claim's refiling. 


Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(e) (Vernon Supp. 2002) (emphasis
added). 

 We review a trial court's decision to dismiss a suit under section 13.01(e) of
article 4590i for an abuse of discretion. Am. Transitional Care v. Palacios, 46 S.W.3d
873, 875 (Tex. 2001). A trial court abuses its discretion if it acts arbitrarily and
unreasonably or without reference to any guiding rules or principles. See Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). The sanction of
dismissal imposed by the trial court is mandated by statute. Tex. Rev. Civ. Stat.
Ann. art. 4590i, § 13.01(e) (Vernon Supp. 2002). Because Powers did not meet the
statutory procedural requirements of either providing an expert report, with curriculum
vitae, to Hermann Hospital and Adams or filing a voluntary nonsuit within 180 days
of filing her claim, the trial court did not abuse its discretion in dismissing, with
prejudice, her claim against Hermann Hospital and Adams. 

 We overrule point of error one. 


Denial of Amended Motion to Extend Time and Abate and Stay Proceedings

 In point of error two, Powers argues the trial court abused its discretion by
denying Powers's amended motion for extension of time to furnish an expert report
and to abate and stay the proceedings. Before the trial court ruled on her first motion
to extend, Powers filed an amended motion for extension of time and to abate and stay
the proceedings. An amended pleading supersedes the instrument for which it is
substituted. Tex. R. Civ. P. 65. In this case, Powers's amended pleading replaced her
previous motion to extend time for producing an expert report. 

 Powers argues that the trial court should have granted an extension under
section 13.01(g), (2) which provides:

 Notwithstanding any other provision of this section, if a claimant
has failed to comply with a deadline established by Subsection (d)
of this section and after hearing the court finds that the failure of
the claimant or the claimant's attorney was not intentional or the
result of conscious indifference but was the result of accident or
mistake, the court shall grant a grace period of 30 days to permit
the claimant to comply with that subsection . . . .


Tex. Rev. Civ. Stat. art. 4590i, Section 13.01(g) (Vernon's Supp. 2002). 

 Applying an abuse-of-discretion standard, we must decide if the claimant's
failure to meet the statutory-expert-report deadline was the result of accident or
mistake, and was not intentional or the result of conscious indifference. Pfeiffer v.
Jacobs, 29 S.W.3d 193, 198 (Tex. App.--Houston [14th Dist.] 2000, pet. denied). 
Powers, as movant, carries the burden "to show some excuse of accident or mistake
to establish that she did not act intentionally or with conscious indifference." (3) Schorp
v. Baptist Mem'l Health Sys., 5 S.W.3d 727, 732 (Tex. App.--San Antonio 1999, no
pet.). Courts interpreting section 13.01(g) have held that "[s]ome excuse, but not
necessarily a good excuse, is enough to warrant an extension of time to file the expert
report, so long as the act or omission causing the failure to file the [expert] report was,
in fact, accidental." Nguyen v. Poong Young Kim, 3 S.W.3d 146, 152 (Tex.
App.--Houston [14th Dist.] 1999, no pet.).

 Conscious indifference, however, means "failing to take some action that would
seem indicated to a person of reasonable sensibilities under similar circumstances." 
Tesch v. Stroud, 28 S.W.3d 782, 787 (Tex. App.--Corpus Christi 2000, pet. denied). 
In determining whether Powers's failure was intentional or the result of conscious
indifference, we look to her knowledge and acts. Nguyen, 3 S.W.3d at 151. The trial
court must grant an extension of time if the motion and hearing produce facts that
would negate intentional or consciously indifferent conduct. Tesch, 28 S.W.3d at 787. 

 Powers argues Tropical Storm Allison was an "accident" contemplated within
the meaning of section 13.01(g) because its effect was to delay the production and
review of her Hermann Hospital medical records. In response, Hermann Hospital and
Adams argue, and the record reflects, that Allison occurred on June 8, 2000--4 days
after the statutory deadline for Powers to file an expert report. Certainly, Allison was
an unexpected natural disaster causing flooding and other damage throughout the City
of Houston. However, Powers has not carried her burden of proof to establish how
Allison prevented her from timely filing an expert report on or before June 4, 2001. 

 Because Powers did not show that her failure to meet the statutory procedural
requirements was not intentional or the result of conscious indifference or resulted
from an accident or mistake, the trial court did not abuse its discretion in dismissing,
with prejudice, her claim against Hermann Hospital and Adams.


Conclusion

 We affirm the trial court's judgment.


Sherry J. Radack

JusticePanel consists of Justices Jennings, Radack, and Smith (4)

Publish. Tex. R. App. P. 47.4. 
1. Powers never filed an expert report, as required under the Act, nor was an
extension of time to file the report ever granted. 
2. Powers, in both her first motion to extend time to file an expert report and her
amended motion to extend time and abate and stay the proceedings, argued that
under section 13.01(f) she was entitled to a filing extension. Tex. Rev. Civ.
Stat. Ann. art. 4590i, § 13.01(f) (Vernon Supp. 2002). We note Powers's
motions, while requesting relief under section 13.01(f), additionally utilized
language contained in section 13.01(g). Tex. Rev. Civ. Stat. Ann. art. 4590i,
§ 13.01(g) (Vernon Supp. 2002). Essentially, before appeal, Powers argued for
relief under section 13.01(f) "for good cause shown," adding her failure to file
an expert report was not the result of "intentional disregard or conscious
indifference." 
3. An accident or mistake in this context is characterized by inadequate
knowledge of the facts or an unexpected event that precludes compliance.
Nguyen v. Poong Young Kim, 3 S.W.3d 146, 152 (Tex. App.--Houston [14th
Dist.] 1999, no pet.). Courts have found that calendaring errors are sufficient
to establish "mistake or accident." Id. See Tesch v. Stroud, 28 S.W.3d 782,
788 (Tex. App.--Corpus Christi 2000, pet. denied) (mere negligence, such as
failing to read statute, does not amount to intentional act or conscious
indifference, so as to preclude medical-malpractice plaintiff from obtaining 30-day grace period to file expert medical report pursuant to Medical Liability and
Insurance Improvement Act). 
4. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.