Opinion issued on February 12, 2004.




  
 





In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00104-CV
____________
 
DARTANIER PATTON, Appellant
 
V.
 
HEATHSOUTH OF HOUSTON, INC. D/B/A HEALTHSOUTH
REHABILITATION HOSPITAL OF NORTH HOUSTON, Appellee
 

 
 
On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2002-06273
 

 
 
MEMORANDUM OPINION 
          Appellant, Dartanier Patton, sued appellee, HealthSouth of Houston, Inc. d/b/a
HealthSouth Rehabilitation Hospital of North Houston (HealthSouth), for medical
malpractice. Patton brings a single issue challenging the dismissal of his claims with
prejudice for the failure to timely file an expert report in compliance with article
4590i, sections 13.01(d) and (e) of the Medical Liability and Insurance Improvement
Act. See former Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d) (Vernon Supp.
2003).


 Patton contends that the trial court abused its discretion by refusing to grant
him additional time, pursuant to article 4590i, section 13.01(g). See former Tex.
Rev. Civ. Stat. Ann. art. 4590i, § 13.01(g) (Vernon Supp. 2003). We affirm.
Background
          Patton filed his original petition on January 25, 2002, seeking recovery against
HealthSouth based on claims of medical malpractice. Patton alleged that, as a result
of the application of heat during his physical therapy at a hospital owned by
HealthSouth, he suffered thermal burns to his body. Patton was required to file an
expert report in support of his claims no later than July 23, 2002. See former Tex.
Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d) (Vernon Supp. 2003). Instead, on July
23, 2002, Patton filed a motion to extend the deadline to file the expert report until
August 23, 2002. See former Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(f)
(Vernon Supp. 2003). The trial court granted Patton’s motion. On August 23, 2002,
the last day of the requested extension, Patton filed the expert report and curriculum
vitae of Mark Kreit, M.D. 
          On September 5, 2002, HealthSouth moved to dismiss Patton’s petition with
prejudice for the failure to file an expert report in compliance with sections 13.01(e)
and (l) of article 4590i. As the basis for its motion, HealthSouth argued that the
contents of Dr. Kreit’s report did not meet the requirements of an expert report under
sections 13.01(d) or (r)(6) of article 4590i and that the report did not represent a good
faith effort to comply with this statute. A hearing was set on the motion for October
18, 2002. On October 17, 2002, at 11:22 p.m., Patton filed (1) another motion to
extend the time to furnish an expert report and (2) an amended expert report of Dr.
Kreit. See former Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(g) (Vernon Supp.
2003). 
          After a hearing was held on the pending motions, the trial court denied Patton’s
motion to extend time and granted HealthSouth’s motion to dismiss Patton’s petition
with prejudice. The trial court’s order stated that the motion to extend time was
denied “as the Plaintiff failed to show that his failure to comply with the [a]rticle
4590i [section] 13.01 deadline for filing an expert report was the result of an accident
or mistake and was not intentional or the result of conscious indifference.” 
Article 4590i, Section 13.01(g)
          Former section 13.01(d) of article 4590i requires that medical malpractice
claimants file an expert report in support of their claims “[n]ot later than the later of
the 180th day after the date of which a health care liability claim is filed or the last
day of any extended period” established under subsection (f) or (h) of section 13.01. 
Former Tex. Rev. Civ. Stat. Ann. art. 4590i, §§ 13.01(d), (f), (h) (Vernon Supp.
2003). Section 13.01(g) provides a possible grace period for the filing of expert
reports required by section 13.01(d). This section applies to a claimant who has
actually filed a report but the contents of the report fail to comply with the
requirements of article 4590i. See Walker v. Gutierrez, 111 S.W.3d 56, 65-66 (Tex.
2003). Section 13.01(g) requires that the trial court grant the claimant a 30-day grace
period to comply with section 13.01(d) if the failure to file the required expert report
was “not intentional or the result of an accident or mistake.” Section 13.01(g) states: 
Notwithstanding any other provision of this section, if a
claimant has failed to comply with a deadline established by
Subsection (d) of this section and after hearing[,] the court finds
that the failure of the claimant or the claimant’s attorney was not
intentional or the result of conscious indifference but was the
result of an accident or mistake, the court shall grant a grace
period of 30 days to permit the claimant to comply with that
subsection. A motion by a claimant for relief under this
subsection shall be considered timely if it is filed before any
hearing on a motion by a defendant under Subsection (e) of this
section
 
Former Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(g) (emphasis added). Because
section 13.01(g) applies when a party has failed to comply with the deadline
established by subsection (d), the failure to grant a grace period will result in the
dismissal of the case as a sanction pursuant to section 13.01(e). Walker, 111 S.W.3d
at 62. 
Standard of Review
          We review a trial court’s section 13.01(g) grace-period determination under the
abuse-of-discretion standard. Id.; Williams v. Chisolm, 111 S.W.3d 811, 814 (Tex.
App.—Houston [1st Dist.] 2003, no pet.). To establish an abuse of discretion, the
challenging party must show that, in light of all the circumstances of the case, the trial
court acted arbitrarily or unreasonably, without reference to any guiding rules and
principles. Walker, 111 S.W.3d at 62; Chisolm, 111 S.W.3d at 814. An appellate
court may not substitute its own judgment for the trial court’s judgment. Walker, 111
S.W.3d at 62.
Analysis
          As addressed above, former article 4590i, section 13.01(g) required the trial
court to grant the grace period to file an expert report if the trial court determined that
the initial failure to file the report “was not intentional or the result of conscious
indifference but was the result of an accident or mistake.” Former Tex. Rev. Civ.
Stat. Ann. art. 4590i, § 13.01(g). As the supreme court noted in Walker v.
Gutierrez, this “accident or mistake” standard is the same standard that governs
setting aside a default judgment or reinstating a case dismissed for want of
prosecution. 111 S.W.3d at 63 (citing Bank One Tex., N.A. v. Moody, 830 S.W.2d 81,
84 (Tex. 1992) (default judgment) and Holt Atherton Indus., Inc. v. Heine, 835
S.W.2d 80, 83 (Tex. 1992) (dismissal for want of prosecution)). Therefore, “some
mistakes of law may negate a finding of intentional conduct or conscious
indifference” and thus entitle a medical-malpractice claimant to an article 4590i,
section 13.01(g) grace period, but “‘not every act of a defendant that could be
characterized as a mistake of law is a sufficient excuse.’” Walker, 111 S.W.3d at 64. 
“When a claimant files a report that omits one or more of section 13.01(r)(6)’s
required elements, a purportedly mistaken belief that the report complied with the
statute does not negate a finding of ‘intentional or conscious indifference’. . . . [S]uch
a mistake is not a mistake of law that entitles a claimant to a section 13.01(g) grace
period.” Id. at 65.
          In determining whether the failure to comply with the statute by filing an expert
report was not due to intentional disregard or conscious indifference but to accident
or mistake, we must look to the knowledge and acts of the claimant, as demonstrated
by the record. Id. at 64. If the record establishes that the claimant’s assertions
supporting a mistake of law are not controverted, the claimant will satisfy his or her
burden, provided, however, that the claimant sets forth facts that, if true, negate
intentional or consciously indifferent conduct. Id.; Chisolm, 111 S.W.3d at 816. The
plaintiff bears the burden of supporting his claim of accident or mistake with
evidence. See Powers v. Memorial Hermann Hosp. Sys., 81 S.W.3d 463, 466 (Tex.
App.—Houston [1st Dist.] 2002, pet. denied). Accordingly, we now address Patton’s
evidence of accident or mistake.
Evidence of Accident or Mistake
          In his second motion to extend time, Patton sought the article 4590i, section
13.01(g) grace period based on the allegation that his secretary mistakenly filed a
“draft” version of the expert report, the contents of which he apparently concedes did
not comply with the requirements of sections 13.01(d) or (r)(6) of article 4590i. 
However, beyond the allegations contained in his motion, there is nothing in the
record establishing that Patton offered any evidence to the trial court that this filing
was the result of an accident or mistake. The record does not contain a transcript of
the testimony at the hearing nor does the record contain any supporting affidavits
presented to the trial court prior to its ruling on Patton’s second motion.


 Patton’s
pleadings cannot be considered as evidence of accident or mistake, even if they are
sworn or verified. See Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer, 904
S.W.2d 656, 660 (Tex. 1995). Patton has the burden to present a record on appeal
that shows the error about which he complains. Montoya v. State, 872 S.W.2d 24, 25
(Tex. App.—Houston [1st Dist.] 1994, pet. ref’d). Without a reporter’s record, the
appellate court will indulge all presumptions in favor of the trial court’s findings and
the judgment. Univ. of Houston-Clear Lake v. Marsh, 981 S.W.2d 912, 916 (Tex.
App.—Houston [1st Dist.] 1998, no pet.). 
          After applying the standard established by the supreme court in Walker v.
Gutierrez, we hold that the existing record of this case establishes that the trial court
did not abuse its discretion in finding that Patton’s proffered excuse was incredible,
or in finding that Patton’s counsel’s refusal to comply with the expert-report
requirement of former article 4590i, section 12.01(d) was intentional and not
accidental. Accordingly, the trial court did not abuse its discretion by refusing to
grant Patton the grace period authorized by former article 4590i, section 13.01(g) on
a proper showing of a mistake of law or accident. 
          We overrule Patton’s sole issue.
 
 
Conclusion
          We affirm the judgment.
 
                                                                        George C. Hanks, Jr.
                                                                        Justice
Panel consists of Justices Nuchia, Alcala, and Hanks.