Opinion issued September 23, 2004






            











In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-04-00013-CV
____________
 
JAMES M. CIARAVELLA III, Appellant

V.

STANLEY H. APPEL, M.D., THE METHODIST HOSPITAL, AND
BAYLOR COLLEGE OF MEDICINE, Appellees
 

 
 
On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2003-24781
 

 
 
MEMORANDUM OPINION
          Appellant, James M. Ciaravella III, challenges the trial court’s orders
dismissing, with prejudice, his medical malpractice lawsuit against appellees, Dr.
Stanley H. Appel, The Methodist Hospital (Methodist), and Baylor College of
Medicine (Baylor) (collectively, the defendants). In three issues, Ciaravella contends
that the trial court erred in dismissing his lawsuit because he timely filed his expert
report, which complied with the substantive requirements of the former Texas
Medical Liability and Insurance Improvement Act (former article 4590i),


 and,
alternatively, the trial court abused its discretion in denying Ciaravella’s request for
an extension of time in which to correct any deficiencies in his expert report.
          We affirm.
Factual and Procedural Background
          In May 2003, Ciaravella filed a medical malpractice lawsuit against the
defendants. In his original petition, Ciaravella alleged that, in March 2001, he had
sought treatment at Methodist for “a ‘bite’ on his forearm, mid upper back pain,
scrotal/testicular pain, grinding of joints and occasional muscle aches.” Ciaravella
further alleged that, during his three-day stay at Methodist, Dr. Appel


 treated him
and diagnosed muscular dystrophy. After he was discharged, Ciaravella learned that
the results of a muscle biopsy confirmed that he did not have muscular dystrophy. 
Ciaravella further alleged that, in May 2001, he was diagnosed as having Lyme
disease.



          Ciaravella alleged that the defendants were negligent in failing to diagnose and
treat his Lyme disease properly and in initially misdiagnosing his condition as
muscular dystrophy. He also alleged that, as a result of the defendants’ breach of
their duty of care, he “suffered severe and debilitating damages to his entire body . . .
underwent unnecessary procedures, suffered great physical pain, mental anguish, and
irreparable physical and mental damages . . . .”
          In support of his allegations, Ciaravella submitted an expert report signed by
Dr. Gene O. Neri. The report reads in relevant part, as follows:
1.It is my belief that [Dr. Appel] failed to properly test and diagnose
[Ciaravella] with Lymes disease in spite of being given an extensive
history by the patient and despite being specifically requested by the
patient to be tested for Lymes disease. In addition, he failed to maintain
adequate medical records and failed to obtain complete medical records. 
As a result the disease progressed causing the patient further illness and
permanent injury. When proper and timely medical treatment would
have arrested the disease more likely than not, at that point in time.
 
2.It is my belief that [Baylor] failed to properly test and to diagnose
and to treat [Ciaravella], who is affected with Lymes disease. This
occurred despite the institution being given extensive history by the
patient and despite specifically being requested to be tested for the
disease in question. They failed to maintain adequate medical records
and failed to obtain the complete medical records which were readily
available.
 
3.That [Methodist] in Houston, Texas failed to properly test
diagnose and treat Lymes disease in [Ciaravella] in spite of being given
an extensive history and specifically being requested by the patient to be
tested for that specific disease. In addition they failed to obtain
complete medical records and failed to maintain adequate records.
 
This is my belief within a reasonably [sic] degree of medical certainty.

          The defendants subsequently filed separate motions to dismiss Ciaravella’s
claims on the grounds that Dr. Neri’s expert report was untimely, inadequate, and did
not meet the statutory requirements of former article 4590i. In their motions, the
defendants asserted that Dr. Neri’s report failed (1) to describe the applicable
standards of care, (2) to identify the specific conduct that allegedly breached the
applicable standards of care, and (3) to explain how that conduct constituted a breach
of the applicable standards of care or caused injury or damages to Ciaravella. On
December 9, 2003, in two separate orders, the trial court granted the motions and
dismissed, with prejudice, Ciaravella’s claims against the defendants.
Standard of Review
          We review a trial court’s dismissal of a healthcare liability claim under former
article 4590i using an abuse-of-discretion standard. Am. Transitional Care Centers
of Tex., Inc. v. Palacios, 46 S.W.3d 873, 877 (Tex. 2001); Powers v. Mem’l Hermann
Hosp. Sys., 81 S.W.3d 463, 465 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). 
A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without
reference to guiding rules or principles. Powers, 81 S.W.3d at 465.
Expert Report Requirement
          In his second issue, Ciaravella argues that the trial court erred in dismissing his
claims against the defendants if it did so on the grounds that Dr. Neri’s report failed
to provide the defendants with “fair notice” of Ciaravella’s claims and did not
represent a “good faith effort” to comply with the statutory requirements of former
article 4590i.
          Section 13.01(a) of former article 4590i


 requires that a plaintiff file either an
expert report or a $5,000 cost bond for each defendant physician or healthcare
provider within 90 days of filing suit. Within 180 days after filing suit, a plaintiff
must either provide each defendant physician or healthcare provider with an expert
report, along with the expert’s curriculum vitae, or nonsuit the claims.



          In their motions to dismiss Ciaravella’s claims, the defendants argued that Dr.
Neri’s report failed (1) to describe the applicable standards of care, (2) to identify the
specific conduct that allegedly breached the applicable standards of care, and (3) to
explain how that conduct constituted a breach of the applicable standards of care or
caused injury or damages to Ciaravella.
          A trial court must grant a defendant’s motion challenging the adequacy of an
expert report filed by a plaintiff if “it appears to the court . . . that the report does not
represent a good faith effort to comply with the definition of an expert report.”


 
Former Article 4590i defines an expert report as “a written report by an expert that
provides a fair summary of the expert’s opinions . . . regarding applicable standards
of care, the manner in which the care rendered . . . failed to meet the standards, and
causal relationship between that failure and the injury, harm, or damages claimed.”


 
If a trial court determines that an expert report does not meet the statutory
requirements and that the time for filing a report has passed, the court must then
dismiss, with prejudice, the claims against the defendant who challenged the report.



          To constitute a “good-faith effort,” a report must provide enough information
(1) to “inform a defendant of the specific conduct the plaintiff has called into
question” and (2) to “provide a basis for the trial court to conclude that the claims
have merit.” Palacios, 46 S.W.3d at 879. A report that merely states an expert’s
conclusions about the standard of care, breach, and causation does not fulfill these
two purposes. Id.
          In determining whether an expert report is adequate, a trial court should look
no further than the report itself because all of the information relevant to the inquiry
is contained within the document’s four corners. Bowie Mem’l Hosp. v. Wright, 79
S.W.3d 48, 52 (Tex. 2002). The report need not marshal the plaintiff’s proof, but it
must include the expert’s opinion on each of the three elements that former article
4590i identifies: standard of care, breach, and causal relationship. Id. A report
cannot merely state the expert’s conclusions about these elements. Id. “[R]ather, the
expert must explain the basis of his statements to link his conclusions to the facts.” 
Id. (quoting Earle v. Ratliff, 998 S.W.2d 882, 890 (Tex. 1999)). With regard to the
importance of expert testimony in medical malpractice cases, the Texas Supreme
Court has noted:
Because expert testimony is crucial to a medical malpractice case,
knowing what specific conduct the plaintiff’s experts have called into
question is critical for both the defendant’s ability to prepare for trial
and the trial court’s ability to evaluate the viability of the plaintiff’s
claims.

Palacios, 46 S.W.3d at 876-77.
          Here, Ciaravella asserts that Dr. Neri’s report cannot “set forth the standard of
care and a breach of that standard in a more obvious manner” and “[i]t is abundantly
clear to anyone reading the report of Doctor Neri that the standard of care of a
neurologist required Dr. Appel to properly diagnose Lyme Borrelosis from the
detailed medical chronology presented to him, the tick-like bite on [Ciaravella’s] arm
and the bull’s eye rash accompanying that bite.” However, our review of the
sufficiency of a plaintiff’s expert report is confined to the four corners of the report
itself. Bowie Mem’l Hosp., 79 S.W.3d at 52. As set out above, Dr. Neri’s report does
not identify or explain the standard of care applicable to the defendants, does not
identify the details in Ciaravella’s medical history that should have led Dr. Appel to
a proper diagnosis, does not identify or explain what specific treatment the defendants
should have provided Ciaravella, and does not explain how the alleged failure to
diagnose Ciaravella’s Lyme disease properly proximately caused him to sustain
injuries or damages.
 
          Dr. Neri’s report did not provide sufficient information to inform the
defendants of the specific conduct that Ciaravella alleged was negligent and did not
provide a basis for the trial court to conclude that the claims had merit. See Palacios,
46 S.W.3d at 879. Rather, Dr. Neri’s report merely stated his conclusions that the
defendants had breached the standard of care, without any description defining the
applicable standards of care and treatment or their breach, and without any
explanation of how the breach proximately caused Ciaravella’s damages. Thus, the
report did not constitute a “good faith effort” to comply with former article 4590i’s
statutory definition of an expert report.”


 See id.
          Accordingly, we hold that the trial court did not abuse its discretion in
dismissing Ciaravella’s claims against the defendants because the record indicates
that Dr. Neri’s report did not meet the statutory requirements of former article 4590i
regarding expert reports.



          We overrule Ciaravella’s second issue.
Opportunity to Amend
          In his third issue, Ciaravella asserts that his trial counsel “did not act with
conscious indifference or intentional disregard” in submitting Dr. Neri’s report and
that “this Court has the authority, under [former] article 4590i . . . to extend the time
within which to cure the[] alleged defects” in Dr. Neri’s report. Because this Court
has no power to grant Ciaravella an extension of time in which to file an expert
report, we construe this issue as a contention that the trial court abused its discretion
in refusing Ciaravella’s request for an extension of time.
          Section 13.01(g) of former article 4590i requires a trial court to grant a plaintiff
a 30-day grace period to comply with the requirements of section 13.01(d) if the
failure to file an adequate expert report is “not intentional or the result of conscious
indifference but was the result of an accident or mistake.”


 A trial court’s refusal to
grant such an extension of time is reviewed for abuse of discretion. Walker v.
Gutierrez, 111 S.W.3d 56, 61 (Tex. 2003). To establish an abuse of discretion, the
plaintiff must show that, in light of the circumstances of the case, the trial court acted
arbitrarily or unreasonably and without reference to any guiding rules and principles. 
Id. at 62.
          Here, Ciaravella did not set forth any explanation in his pleadings to the trial
court, nor in his briefing to this Court, as to how the filing of Dr. Neri’s report was
the result of an accident or a mistake. Rather, Ciaravella argues that the substance of
Dr. Neri’s report complied with the statutory requirements of former article 4590i. 
Accordingly, we hold that the trial court did not abuse its discretion in denying
Ciaravella’s request for a 30-day extension of time in which to file an adequate expert
report.
          We overrule Ciaravella’s third issue.
Conclusion
          Having held that the trial court did not abuse its discretion in dismissing
Ciaravella’s claims against the defendants because the record indicates that Dr. Neri’s
report did not meet the substantive, statutory requirements of former article 4590i, we
need not reach Ciaravella’s first issue, in which he contends that he timely filed Dr.
Neri’s report and provided it to the defendants.
          We affirm the trial court’s judgment, comprised of its two orders of dismissal.
 

                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Bland.