Opinion issued November 24, 2004. 












In The
Court of Appeals
For The
First District of Texas
 



NO. 01-03-01005-CV




KATHLEEN S. REID, Appellant

V.

JEFFREY B. GENO, DDS, Appellee




On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Cause No. 02-CV-0807




MEMORANDUM OPINION
 
          Appellant, Kathleen S. Reid, challenges the trial court’s order dismissing her
dental malpractice claim against appellee, Jeffrey B. Geno, D.D.S., because of her
failure to timely file an expert report in compliance with the former Medical Liability
and Insurance Improvement Act (“the Act”).


 In two issues, Reid contends that the
trial court erred by (1) dismissing her suit and (2) refusing to grant her second
request for an extension of time to file an amended report. We affirm.
Factual and Procedural Background
          Reid was Dr. Geno’s patient from August 1982 until June 29, 2000. During
the course of Reid’s treatment, Dr. Geno installed a number of crowns over Reid’s
existing teeth.
          On July 8, 2002, Reid sued Dr. Geno for dental malpractice alleging that he
negligently constructed and installed her crowns. Reid further alleged that, as a result
of Dr. Geno’s negligent conduct, her mouth had to be completely reconstructed with
dental transplant surgery. Pursuant to former section 13.01(d) of the Act, Reid was
required to file an expert report in support of her claim by January 4, 2003. See
former Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d) (Vernon Supp. 2003). Reid
failed to file any report by this deadline.
           On May 5, 2003, pursuant to former section 13.01 (g), Reid filed a motion to
extend the deadline to file the expert report, and the trial court granted her motion.



Three days before the last day of the requested extension, Reid filed the expert report
and curriculum vitae of Dr. Allan Firestein.
          On July 18, 2003, Dr. Geno moved to dismiss Reid’s petition with prejudice
for failure to file an expert report in compliance with subsection 13.01(d) of the Act. 
Specifically, Dr. Geno argued that Dr. Firestein’s expert report did not (1) comply
with the minimum requirements of an expert report set forth in former subsection
13.01(r)(6) of the Act and (2) did not represent a good faith effort to comply with
these requirements. Among other things, the motion asserted that the report failed to
adequately set forth the applicable standard of care or how Dr. Geno deviated from
that standard.  
          Almost one month after the motion to dismiss had been filed, Reid filed a
response to Dr. Geno’s motion to dismiss. The response included a second motion
for an extension of time to file an amended report pursuant to former subsection
13.01(g) of the Act with an amended expert report from Dr. Firestein attached. 
Following a hearing, the trial court denied Reid’s second motion to extend time and
granted Dr. Geno’s motion to dismiss Reid’s petition with prejudice.
 
Standard of ReviewWe review a trial court’s decision to dismiss a health-care liability claim under
section 13.01 of the Act using an abuse-of-discretion standard. Am. Transitional
Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 875 (Tex. 2001); Powers v.
Mem’l Hermann Hosp. Sys., 81 S.W.3d 463, 465 (Tex. App.—Houston [1st Dist.]
2002, pet. denied). A trial court abuses its discretion if it acts arbitrarily,
unreasonably, or without reference to guiding rules or principles. Powers, 81 S.W.3d
at 465. Moreover, when reviewing a matter committed to the trial court’s discretion,
we may not substitute our own judgment for the trial court’s judgment. Walker v.
Gutierrez, 111 S.W.3d 56, 62 (Tex. 2003). 
“Good Faith” Effort To Comply with the Act
          In her first point of error, Reid asserts that, because her expert reports
constituted a good-faith effort to comply with requirements of the Act, the trial court
erred in dismissing her claims against Dr. Geno. We disagree. 
          All health-care liability claims must comply with subsection 13.01(d) of the
Act. Former subsection 13.01(d) requires that a plaintiff asserting a health-care
liability claim must, not later than 180 days after filing suit, either: (1) furnish an
expert report, with supporting curriculum vitae, to counsel for each defending
physician or health-care provider or (2) voluntarily nonsuit the claim. See former
Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d)(1-2) (Vernon Supp. 2003). Former
subsection 13.01(r)(6) defines “expert report” as a written report that provides a fair
summary of the expert’s opinions:
(1)regarding applicable standards of care, 
(2)the manner in which the care rendered failed to meet the
standards, and 
(3)the causal relationship between that failure and the injury,
harm, or damages claimed. 
 
See former Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(r)(6) (Vernon Supp. 2003). 
If a plaintiff fails to file a report in compliance with this definition, a defendant may
challenge the adequacy of the report in a motion to dismiss, and the trial court must
(1) dismiss the claim against that defendant with prejudice, (2) award costs and
attorney’s fees to that defendant, and (3) require that any bond filed under former
section 13.01 of the Act be forfeited to pay that award. See former Tex. Rev. Civ.
Stat. Ann. art. 4590i, § 13.01(e)(1)-(3) (Vernon Supp. 2003); Strom v. Mem’l
Hermann Hosp. Sys., 110 S.W.3d 216, 221 (Tex. App.—Houston [1st Dist.] 2003,
pet. denied).
          In adjudicating a defendant’s motion to dismiss, the dispositive inquiry is
whether the report represents a good-faith effort to comply with the statutory
definition of “expert report” in former subsection 13.01(r)(6). See Palacios, 46
S.W.3d at 878. The only information relevant to this inquiry lies within the four
corners of the report. Strom, 110 S.W.3d at 221. The trial court may not look beyond
the report in determining compliance with the statute. Id. Although the report need
not marshal all the plaintiff’s proof, it must include the expert’s opinion on each of
the elements of a conforming report as defined by former subsection 13.01(r)(6). Id. 
Specifically, the expert report must include the standard of care, the manner in which
the care failed to meet that standard, and the causal relationship between that failure
and the claimed injury. See former Tex. Rev. Civ. Stat. Ann. art. 4590i, §
13.01(r)(6) (Vernon Supp. 2003); Palacios, 46 S.W.3d at 878. 
          In complying with the definition of former subsection 13.01 (r)(6), the report
must: (1) inform the defendant of the specific conduct called into question by the
plaintiff’s claims and (2) provide a basis from which the trial court may conclude the
claims have merit. Palacios, 46 S.W.3d at 879. A report that merely states the
expert’s conclusions about the standard of care, breach, and causation falls short of
accomplishing these two purposes. Id. Moreover, when the expert report contains
conclusory statements that do not alert the trial court or the defendant of the conduct
complained of, it is not an abuse of discretion for the trial court to conclude that the
report does not represent a good-faith effort to provide a fair summary of the standard
of care and how it was breached and for the trial court to dismiss the action as a
sanction. Id. at 880.
          In this case, Reid asserts that both of Dr. Firestein’s reports, one filed on June
6, 2003 and the other filed on August 14, 2003, represent a good-faith effort to
comply with the minimum requirements of an expert report set forth in former
subsection 13.01(r)(6). However, because the August 14, 2003 report was filed after
the deadline for filing the report and was not recognized by the trial court, we will
only consider the June 6, 2003 report. 
          In support of her argument, Reid relies on the following excerpts from Dr.
Firestein’s June 6, 2003 report:
There appears to be the beginning of caries under the           crowns.
The presence of caries under the crowns would indicate           that the crowns did not fit properly.
The dental treatment that was done is slowly breaking           down. This is shown by the need for continuing care
          required over the years and by the loss of teeth.
The records indicate that she has had extensive dental           care over the years that was performed by Dr. Geno,           which was beneath the standard of care related to
          the construction and placement of crowns.
She is undergoing reconstruction of her mouth.
The requirement for the construction of her mouth is           brought about by the failure of the crowns that were           previously placed. The crowns were improperly           made and caries developed under them which           eventually caused her to loose the teeth.
Reid asserts that these excerpts detail the deficient dental work that was performed
by Dr. Geno, which was below the standard of care related to the construction and
installation of crowns. She further contends that the June 6, 2003 report established
a good-faith effort because it informed Dr. Geno of the specific conduct Reid has
called into question.
          However, while Dr. Firestein mentioned that he believed that Dr. Geno
deviated from the standard of care, he did not specifically identify the applicable
standard of care–what an ordinarily prudent dentist would have done under the same
or similar circumstances–and failed to explain what that standard required for Reid’s
dental care. See Palacios, 46 S.W.3d at 880. Additionally, Dr. Firestein did not
explain what Dr. Geno should have done differently, but rather provided a series of
conclusions and opinions about what caused Reid’s injuries. See id. Accordingly,
we hold that the trial court did not abuse its discretion in dismissing Reid’s case for
failure to comply with the requirements of the Act.
          We overrule Reid’s first point of error.
Second Motion to Extend
          In her second point of error, Reid contends that, pursuant to section 13.01 (g)
of the Act, the trial court erred by refusing to grant her second request for extension
of time to file an amended report. We disagree.
Grace Period
          Former section 13.01(g) provides a possible grace period to the deadline for
filing the requisite expert reports. This section applies to a claimant who has actually
filed a report but the contents of the report fail to comply with the requirements of the
Act. See Walker v. Gutierrez, 111 S.W.3d 56, 64-65 (Tex. 2003). Former section
13.01(g) requires that the trial court grant the claimant a 30-day grace period to timely
file the requisite report if the failure to timely file was “not intentional . . . or the
result of an accident or mistake.” Id. at 62-63. This “accident or mistake” standard
is the same standard that governs setting aside a default judgment or reinstating a case
dismissed for want of prosecution. Id. (citing Bank One Tex., N.A. v. Moody, 830
S.W.2d 81, 84 (Tex. 1992) (default judgment) and Holt Atherton Indus., Inc. v. Heine,
835 S.W.2d 80, 83 (Tex. 1992) (dismissal for want of prosecution)). Former section
13.01(g) stated: 
Notwithstanding any other provision of this section, if a
claimant has failed to comply with a deadline established
by Subsection (d) of this section and after hearing the court
finds that the failure of the claimant or the claimant’s
attorney was not intentional or the result of conscious
indifference but was the result of an accident or mistake,
the court shall grant a grace period of 30 days to permit the
claimant to comply with that subsection. A motion by a
claimant for relief under this subsection shall be considered
timely if it is filed before any hearing on a motion by a
defendant under Subsection (e) of this section.
 See former Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(g) (Vernon Supp. 2003)
(emphasis added). Because former section 13.01(g) applies when a party has failed
to comply with the deadline established by subsection (d), the failure to grant a grace
period will result in the dismissal of the case as a sanction pursuant to section
13.01(e). See Walker, 111 S.W.3d at 62. 
          In determining whether the failure to timely file was not intentional or was the
result of an accident or mistake, we must look to the knowledge and acts of the
claimant, as demonstrated by the record. Id. at 64. If the record establishes that the
claimant’s assertions supporting a mistake of law are not controverted, the claimant
will satisfy her burden, provided, however, that the claimant sets forth facts that, if
true, negate intentional or consciously-indifferent conduct. Id. The plaintiff bears the
burden of supporting her claim of accident or mistake with evidence. See Powers, 81
S.W.3d at 466. Accordingly, we now address Reid’s evidence of accident or mistake.
Evidence of Accident or Mistake
          In her response to Dr. Geno’s motion to dismiss, Reid asserted that she was
entitled to a second 30-day grace period because her failure to comply was the result
of an accident or mistake. However, beyond the assertion contained in her response,
there is nothing in the record establishing that Reid offered the trial court any
evidence to show that the amended expert report was filed as a result of an accident
or mistake. The appellate record does not include a transcript of the testimony at the
hearing. Reid’s attorney filed an affidavit with the response, however the affidavit
does not contain evidence of accident or mistake. 
          The response itself cannot be considered as evidence of accident or mistake,
even though it is verified. See Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer,
904 S.W.2d 656, 660 (Tex. 1995). Reid has the burden to present a record on appeal
that shows the error about which she complains. Montoya v. State, 872 S.W.2d 24,
25 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d). Without a reporter’s record, we
will indulge all presumptions in favor of the trial court’s findings and the judgment. 
Univ. of Houston-Clear Lake v. Marsh, 981 S.W.2d 912, 916 (Tex. App.—Houston
[1st Dist.] 1998, no pet.). 
          We hold that Reid has failed to meet her burden of showing that the existing
record of this case establishes that the trial court abused its discretion by refusing to
grant her a second 30-day grace period.
          We overrule Reid’s second point of error.
Conclusion
          We affirm the judgment of the trial court.                          
 
 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.