Charles W. HALL, Appellant,

v.

William Francis MIELER, M.D., Appellee.

No. 01–03–01343–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 10, 2005.

Paul A. Koks, Nielsen, Koks & Kangun, L.L.P., Conroe, for Appellant.

Marion W. Kruse, Kruse & Luccia, Michael John Longoria, Judith Brown Street, Kruse Law Firm, P.C., Houston, for Appellee.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

EVELYN V. KEYES, Justice.

Appellant, Charles W. Hall, appeals an order dismissing his medical malpractice suit against appellee, William Francis Mieler, M.D., under the Medical Liability and Insurance Improvement Act. *See* Act of April 19, 1977, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847. In one issue, Hall argues that the trial court erred in refusing to grant him additional time to file his expert report. We affirm.

## Background

Hall was a patient of Mieler, a retina specialist. Mieler first diagnosed Hall as having a swollen retina. Mieler prescribed eye drops. Following additional testing, Mieler discovered that Hall had a "wrinkle" on the retina of his right eye. Hall alleged in his Original Petition that Mieler told him the wrinkle could be repaired by surgery. Hall consented, and, on May 4, 2001, Mieler performed a pars plana vitrectomy surgery on Hall's right eye. Following the surgery, Hall lost sight in his right eye.

On October 29, 2002, Hall sued Mieler for negligence and fraud in connection with the surgery on his eye. On January 11, 2003, the trial court issued a Docket Control Order. The order set October 2, 2003, as the deadline for designating experts. The order was silent regarding expert reports. Pursuant to former article 4590i, section 13.01(d), Hall's expert report was due to the trial court in mid-April. *See* Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01(d), 1995 Tex. Gen. Laws 985, 986 (repealed 2003) (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon Supp.2004–2005)). On June 9, 2003, Mieler filed a Motion to Dismiss Pursuant to Article 4590i. Mieler contended that Hall had failed to file an expert report within the 180–day deadline established by article 4590i, section 13.01(d). *See id.* Eighteen days later, on June 27, 2003, Hall filed a Response to Defendant's Motion to Dismiss and a Motion to Extend Time to File Expert Report. At the same time, Hall served Mieler with an expert report and a curriculum vitae for Gregory M. Jack, M.D. On October 7, 2003, the trial court held a hearing and granted Mieler's motion to dismiss. On November 5, 2003, Hall filed a motion for new trial, which was denied by the trial court on November 18, 2003. This appeal followed.

## Discussion

In his sole issue, Hall argues that the trial court abused its discretion by not granting a 30–day grace period to file an expert report pursuant to article 4590i, section 13.01(g).

### *Former Article 4590i, Section 13.01*

A plaintiff who files a lawsuit under the Medical Liability and Insurance Improvement Act is charged with knowledge of the statute and its requirements. *Walker v. Gutierrez*, 111 S.W.3d 56, 64 (Tex. 2003). Former article 4590i required the plaintiff to file an expert report within 180 days of filing suit. Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01(d), 1995 Tex. Gen. Laws 985, 986 (repealed 2003). If the plaintiff failed to file the

expert report within 180 days and the defendant filed a motion to dismiss, the trial court was required to hold a hearing and order the suit dismissed with prejudice. *Id.* at section 13.01(e)(3). However, the statute provided a possible grace period.

> Notwithstanding any other provision of this section, if a plaintiff has failed to comply with a deadline established by Subsection (d) of this section and after hearing the court finds that the failure of the plaintiff or the plaintiff's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the plaintiff to comply with that subsection. A motion by a plaintiff for relief under this subsection shall be considered timely if it is filed before any hearing on a motion by a defendant under Subsection (e) of this section.

*Id.* at section 13.01(g).

■ The plaintiff bears the burden to show that the excuse of mistake or accident was not intentional or the result of conscious indifference. *Powers v. Mem'l Hermann Hosp. Sys.*, 81 S.W.3d 463, 466 (Tex.App.-Houston [1st Dist.] 2002, pet. denied). Some mistakes of law, but not all, may negate a finding of intentional conduct or conscious indifference. *Walker*, 111 S.W.3d at 64. In this context, conscious indifference generally means "failing to take some action that would seem indicated to a person of reasonable sensibilities under similar circumstances." *Powers*, 81 S.W.3d at 466 (quoting *Tesch v. Stroud*, 28 S.W.3d 782, 787 (Tex.App.-Corpus Christi 2000, pet. denied)). A mistake or accident is generally characterized by an unexpected happening that precludes compliance or by the plaintiff's inadequate knowledge of the facts. *Pfeiffer v. Jacobs*, 29 S.W.3d 193, 198 (Tex.App.-Houston [14th Dist.] 2000, pet. denied); *Finley v.*

*Steenkamp*, 19 S.W.3d 533, 539 (Tex.App.-Fort Worth 2000, no pet.).

### Standard of Review

■ We review a trial court's section 13.01(g) grace period determination for an abuse of discretion. *Walker*, 111 S.W.3d at 62. The trial court abuses its discretion if it acts arbitrarily or unreasonably without reference to any guiding rules or principles. *Id.* (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985)). We will not substitute our judgment for that of the trial court. *Id.*

■ In determining whether a failure to comply with former statute 4590i was due to a mistake or an accident, and was not intentional or the result of conscious indifference, we must look to the acts and knowledge of the plaintiff, as shown in the record. *Id.* at 64. If the record shows that the plaintiff's assertions supporting a mistake of law are not controverted, the plaintiff will satisfy his burden, provided the facts the plaintiff establishes, if true, negate conscious indifference or intentional conduct. *Id.* Because there are no findings of fact or conclusions of law, we must presume that the trial court found that Hall did not satisfy his burden to show mistake or accident. *See Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex.2002).

### Analysis

■ Hall contends his failure to comply with section 13.01(d) was neither intentional nor the result of conscious indifference. Instead, Hall argues that his failure to file an expert report was a mistake or accident because he believed the trial court's Docket Control Order superseded the Medical Liability and Insurance Improvement Act's deadlines. The Docket Control Order established discovery limitations and established deadlines for joinder, motions, pleas, and expert witness designations.

In *Finley v. Steenkamp,* as here, the plaintiff argued that his failure to comply with the expert report requirement was not due to conscious indifference nor was it intentional. *Finley,* 19 S.W.3d at 537–38. Finley contended his failure to comply was the result of a mistake or accident because he believed the trial court's scheduling order set the deadline for designating his experts and for filing his expert report. *Id.* The trial court dismissed his suit with prejudice. *Id.* at 537. The Court of Appeals held that the trial court's scheduling order did not designate a date to provide expert reports, as Finley had argued. *Id.* at 539. Rather, the order explicitly required Finley to provide the name, address, and topic for each of his expert witnesses. *Id.* "Nothing in the court's scheduling order implied that it was altering the date on which the expert report required by article 4590i was due." *Id.* at 539–40. The court found that Finley's argument lacked merit and affirmed the trial court's order of dismissal. *Id.* at 540, 544.

Similar to the order in *Finley,* the order here does not address expert reports or the deadlines set by article 4590i, section 13.01(d). Hall has not met his burden to establish a mistake or accident.

After applying the standard established by *Walker,* we hold that the existing record establishes that the trial court did not abuse its discretion in denying Hall's motion requesting a grace period and dismissing the suit with prejudice. *See Walker,* 111 S.W.3d at 62.

We overrule appellant's sole issue.

### Conclusion

We affirm the judgment of the trial court.