Opinion issued March 10, 2005


     








In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01343-CV




CHARLES W. HALL, Appellant

V.

WILLIAM FRANCIS MIELER, M.D., Appellee




On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2002-55588




O P I N I O N 
          Appellant, Charles W. Hall, appeals an order dismissing his medical
malpractice suit against appellee, William Francis Mieler, M.D., under the Medical
Liability and Insurance Improvement Act. See Act of April 19, 1977, 65th Leg., R.S.,
ch. 817, 1977 Tex. Gen. Laws 2039, repealed by Act of June 2, 2003, 78th Leg., R.S.,
ch. 204, § 10.09, 2003 Tex. Gen. Laws 847. In one issue, Hall argues that the trial
court erred in refusing to grant him additional time to file his expert report. We
affirm.
Background
          Hall was a patient of Mieler, a retina specialist. Mieler first diagnosed Hall as
having a swollen retina. Mieler prescribed eye drops. Following additional testing,
Mieler discovered that Hall had a “wrinkle” on the retina of his right eye. Hall
alleged in his Original Petition that Mieler told him the wrinkle could be repaired by
surgery. Hall consented, and, on May 4, 2001, Mieler performed a pars plana
vitrectomy surgery on Hall’s right eye. Following the surgery, Hall lost sight in his
right eye.
          On October 29, 2002, Hall sued Mieler for negligence and fraud in connection
with the surgery on his eye. On January 11, 2003, the trial court issued a Docket
Control Order. The order set October 2, 2003, as the deadline for designating experts. 
The order was silent regarding expert reports. Pursuant to former article 4590i,
section 13.01(d), Hall’s expert report was due to the trial court in mid-April. See Act
of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01(d), 1995 Tex. Gen. Laws
985, 986 (repealed 2003) (current version at Tex. Civ. Prac. & Rem. Code Ann. §
74.351(a) (Vernon Supp. 2004–2005)). On June 9, 2003, Mieler filed a Motion to
Dismiss Pursuant to Article 4590i. Mieler contended that Hall had failed to file an
expert report within the 180-day deadline established by article 4590i, section
13.01(d). See id. Eighteen days later, on June 27, 2003, Hall filed a Response to
Defendant’s Motion to Dismiss and a Motion to Extend Time to File Expert Report. 
At the same time, Hall served Mieler with an expert report and a curriculum vitae for
Gregory M. Jack, M.D. On October 7, 2003, the trial court held a hearing and granted
Mieler’s motion to dismiss. On November 5, 2003, Hall filed a motion for new trial,
which was denied by the trial court on November 18, 2003. This appeal followed.
Discussion
          In his sole issue, Hall argues that the trial court abused its discretion by not
granting a 30-day grace period to file an expert report pursuant to article 4590i,
section 13.01(g). 
          Former Article 4590i, Section 13.01
          A plaintiff who files a lawsuit under the Medical Liability and Insurance
Improvement Act is charged with knowledge of the statute and its requirements. 
Walker v. Gutierrez, 111 S.W.3d 56, 64 (Tex. 2003). Former article 4590i required
the plaintiff to file an expert report within 180 days of filing suit. Act of May 5,
1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01(d), 1995 Tex. Gen. Laws 985, 986
(repealed 2003). If the plaintiff failed to file the expert report within 180 days and
the defendant filed a motion to dismiss, the trial court was required to hold a hearing
and order the suit dismissed with prejudice. Id. at section 13.01(e)(3). However, the
statute provided a possible grace period. 
Notwithstanding any other provision of this section, if a plaintiff has
failed to comply with a deadline established by Subsection (d) of this
section and after hearing the court finds that the failure of the plaintiff
or the plaintiff’s attorney was not intentional or the result of conscious
indifference but was the result of an accident or mistake, the court shall
grant a grace period of 30 days to permit the plaintiff to comply with
that subsection. A motion by a plaintiff for relief under this subsection
shall be considered timely if it is filed before any hearing on a motion
by a defendant under Subsection (e) of this section.

Id. at section 13.01(g).
          The plaintiff bears the burden to show that the excuse of mistake or accident
was not intentional or the result of conscious indifference. Powers v. Mem’l
Hermann Hosp. Sys., 81 S.W.3d 463, 466 (Tex. App.—Houston [1st Dist.] 2002, pet.
denied). Some mistakes of law, but not all, may negate a finding of intentional
conduct or conscious indifference. Walker, 111 S.W.3d at 64. In this context,
conscious indifference generally means “failing to take some action that would seem
indicated to a person of reasonable sensibilities under similar circumstances.” 
Powers, 81 S.W.3d at 466 (quoting Tesch v. Stroud, 28 S.W.3d 782, 787 (Tex.
App.—Corpus Christi 2000, pet. denied)). A mistake or accident is generally
characterized by an unexpected happening that precludes compliance or by the
plaintiff’s inadequate knowledge of the facts. Pfeiffer v. Jacobs, 29 S.W.3d 193, 198
(Tex. App.—Houston [14th Dist.] 2000, pet. denied); Finley v. Steenkamp, 19 S.W.3d
533, 539 (Tex. App.—Fort Worth 2000, no pet.). 
          Standard of Review
          We review a trial court’s section 13.01(g) grace period determination for an
abuse of discretion. Walker, 111 S.W.3d at 62. The trial court abuses its discretion
if it acts arbitrarily or unreasonably without reference to any guiding rules or
principles. Id. (citing Downer v. Aquamarine Operations, Inc., 701 S.W.2d 238,
241–42 (Tex. 1985)). We will not substitute our judgment for that of the trial court. 
Id.
          In determining whether a failure to comply with former statute 4590i was due
to a mistake or an accident, and was not intentional or the result of conscious
indifference, we must look to the acts and knowledge of the plaintiff, as shown in the
record. Id. at 64. If the record shows that the plaintiff’s assertions supporting a
mistake of law are not controverted, the plaintiff will satisfy his burden, provided the
facts the plaintiff establishes, if true, negate conscious indifference or intentional
conduct. Id. Because there are no findings of fact or conclusions of law, we must
presume that the trial court found that Hall did not satisfy his burden to show mistake
or accident. See Am. Type Culture Collection, Inc. v. Coleman, 83 S.W.3d 801, 806
(Tex. 2002).
          Analysis
          Hall contends his failure to comply with section 13.01(d) was neither
intentional nor the result of conscious indifference. Instead, Hall argues that his
failure to file an expert report was a mistake or accident because he believed the trial
court’s Docket Control Order superseded the Medical Liability and Insurance
Improvement Act’s deadlines. The Docket Control Order established discovery
limitations and established deadlines for joinder, motions, pleas, and expert witness
designations. 
          In Finley v. Steenkamp, as here, the plaintiff argued that his failure to comply
with the expert report requirement was not due to conscious indifference nor was it
intentional. Finley, 19 S.W.3d at 537–38. Finley contended his failure to comply
was the result of a mistake or accident because he believed the trial court’s scheduling
order set the deadline for designating his experts and for filing his expert report. Id. 
The trial court dismissed his suit with prejudice. Id. at 537. The Court of Appeals
held that the trial court’s scheduling order did not designate a date to provide expert
reports, as Finley had argued. Id. at 539. Rather, the order explicitly required Finley
to provide the name, address, and topic for each of his expert witnesses. Id. 
“Nothing in the court’s scheduling order implied that it was altering the date on which
the expert report required by article 4590i was due.” Id. at 539–40. The court found
that Finley’s argument lacked merit and affirmed the trial court’s order of dismissal. 
Id. at 540, 544.
          Similar to the order in Finley, the order here does not address expert reports or
the deadlines set by article 4590i, section 13.01(d). Hall has not met his burden to
establish a mistake or accident.
          After applying the standard established by Walker, we hold that the existing
record establishes that the trial court did not abuse its discretion in denying Hall’s
motion requesting a grace period and dismissing the suit with prejudice. See Walker,
111 S.W.3d at 62.
          We overrule appellant’s sole issue.
Conclusion
          We affirm the judgment of the trial court. 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Publish. Tex. R. App. P. 47.2(b).