**The STATE of Texas, State,**

v.

**Nancy Sue GAMBLE, Appellee.**

**No. 2–85–078–CV.**

Court of Appeals of Texas,
Fort Worth.

June 19, 1985.

Gabriel G. Quintanilla, Asst. Atty. Gen., Austin, Lisa T. Attleson, Asst. County Atty., Wichita County, Wichita Falls, for State.

Anderson & Rodriguez and Hank Anderson, Wichita Falls, for appellee.

Before BURDOCK, HILL and HOPKINS, JJ.

## OPINION

BURDOCK, Justice.

This is an appeal from an order granting expunction of criminal records. *See* TEX. CODE CRIM.PROC.ANN. arts. 55.01–05 (Vernon Supp.1985). We reverse and render.

Appellee filed a petition for expunction in the district court of the county wherein the criminal charges sought to be expunged originated. Responses opposing expunction were filed by the Wichita County Attorney's Office and the Texas Department of Public Safety. A hearing was ordered but only appellee and her attorney appeared at the hearing. The court signed an Order granting expunction on January 3, 1985. Timely motions for new trial were filed by both respondents but were overruled by operation of law. The Wichita County Attorney's Office also filed a request for preparation of the statement of facts from the hearing, but none was prepared nor accompanies the record on appeal.

In a single point of error, appellant contends the trial court erred in finding appellee was entitled to expunction under art. 55.01 because no evidence was adduced to support the trial court's finding and appellee's pleadings and the record establish on

their face that appellee was not entitled to expunction of her records.

In a trial to the court where no findings of fact or conclusions of law are filed or requested, the judgment of the trial court implies all necessary findings of fact in support thereof. *In the Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984); *Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex.1980). Further, TEX.R.CIV.P. 413 provides that the burden is on the party seeking review to see that a sufficient record is presented to show error requiring reversal. Therefore, in the absence of a statement of facts, every presumption must be indulged in favor of the trial court's findings and judgment, and where there are no findings and no statement of facts such facts as are necessary to support the judgment must be presumed to have been found. *See Commercial Credit Corporation v. Smith*, 143 Tex. 612, 187 S.W.2d 363, 365 (1945); *Cloer v. Ford & Calhoun GMC Truck Company*, 553 S.W.2d 183, 185 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.).

Accordingly, it follows that the judgment of the trial court must be affirmed unless the record before us presents on its face fundamental error of law. *See Commercial Credit*, 187 S.W.2d at 365.

TEX.CODE CRIM.PROC.ANN. art. 55.01 (Vernon Supp.1985) provides that a person who has been arrested and charged for commission of a felony or misdemeanor is entitled to have the records relating to the arrest expunged *only* if each of three conditions have been met:

(1) an indictment or information charging him with commission of a felony has not been presented against him for the offense arising out of the transaction for which he was arrested or, if an indictment or information charging him with commission of a felony was presented, it has been dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the

person committed the offense or because it was void;

(2) he has been released and the charge, if any, has not resulted in a final conviction and, is no longer pending and there was not court ordered supervision under Article 42.13, Code of Criminal Procedure, 1965, as amended, nor a conditional discharge under Section 4.12 of the Texas Controlled Substances Act (Article 4476–15, Vernon's Texas Civil Statutes); and

(3) he had not been convicted of a felony in the five years preceding the date of the arrest.

*Id.* The record before us on appeal shows, on its face, that appellee does not come within either of the first two expunction requirements. The indictment against appellee was dismissed because she had successfully completed her probation, not for one of the reasons set out in art. 55.01(1). Successful completion of probation does not entitle one to expunction of criminal records. *See Texas Department of Public Safety v. Failla*, 619 S.W.2d 215, 217 (Tex. Civ.App.—Texarkana 1981, no writ). Appellee has also failed to come within the provision of art. 55.01(2) since court ordered supervision was imposed. Appellee was ordered to report monthly to a probation officer, pay monthly fees, remain within the county and comply with other probation conditions. When a petitioner for expunction has pleaded guilty and received deferred adjudication probation, he is not entitled to expunction. *Meyers v. State*, 675 S.W.2d 798, 799 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). Expunction is available only when all the statutory conditions have been met. *Tex. Com'n. on Law Enforce. v. Watlington*, 656 S.W.2d 666, 668 (Tex.App.—Tyler 1983, writ ref'd n.r.e.). Appellee's pleadings, the order placing appellee on probation and the motion to dismiss charges show on their face that, as a matter of law, appellee could not be entitled to expunction. Accordingly, it was error for the trial court to order expunction and to refuse to grant the motions for new trial.

The judgment of the trial court is reversed and judgment rendered that the petition for expunction be denied.