**Ex parte Leonora Sanchez ALANIZ.**

No. 13–87–179–CV.

Court of Appeals of Texas,
Corpus Christi.

Oct. 29, 1987.

E. Montgomery Shepperd, Asst. Atty. Gen., Austin, for appellant.

Oscar B. McInnis, McAllen, for appellee.

Before UTTER, KENNEDY and BENAVIDES, JJ.

OPINION

UTTER, Justice.

This is an appeal by writ of error from an order granting expunction of arrest records pursuant to Tex.Code Crim.Proc. Ann. art. 55.01 (Vernon Supp.1987). We affirm the judgment of the trial court.

Appellee, in her original petition, sought to expunge four arrest records. The only expunction complained of on appeal pertained to the "deferred sentence" which had been imposed on the 1983 larceny charge. The expunction of the other three arrests, therefore, are not before this Court. A hearing was ordered at which

appellee presented her petition, but appellant, the Texas Department of Public Safety, was not served with a copy of the petition and therefore did not appear at the hearing. The trial court subsequently signed an order granting expunction.

■ In order for appellant to proceed by writ of error, it must show: (1) the petition for writ of error was filed within six months of the date of judgment; (2) that the party did not participate in the actual trial of the case; and (3) that the invalidity of the judgment appears from the face of the record. *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985); *Barrera v. Barrera*, 668 S.W.2d 445, 447 (Tex.App.—Corpus Christi 1984, no writ): *Sunbelt Construction Corp. v. S & D Mechanical Contractors*, 668 S.W.2d 415, 416–17 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.); *see also* Tex.R.App.P. 45(b), (d).

The writ of error was filed within six months of the date of judgment and it is undisputed that the Texas Department of Public Safety did not participate in the trial. The remaining question is whether there was error on the face of the record.

Appellant contends the trial court erred in finding appellee was entitled to expunction under article 55.01 because no evidence was presented to support the trial court's finding and the record on its face establishes as a matter of law that appellee was not entitled to expunction of her records. Most specifically, appellant argues on appeal that since appellee was under court-ordered supervision during the pendency of her "deferred sentence," she was unable to meet the statutory conditions required under article 55.01(2). We are unable to reach this conclusion on the record we have before us.

The record before us on appeal is by way of transcript only. There is no statement of facts and no findings of fact or conclusions of law. Moreover, there is no indication from the record that the official court reporter was unable to furnish appellant a record of the proceedings at trial or that no statement of facts was adduced at trial. Most notably absent is the order deferring the sentence on appellee's 1983 larceny charge.

It is a well-settled rule that the appellant, as the party complaining on appeal, has the burden to bring forward a record sufficient to show error requiring reversal. Tex.R. App.P. 50(d). Further, it is the appellant's duty to file the statement of facts with the Clerk of the Court of Appeals. Tex.R. App.P. 53(k). Where the record contains no statement of facts, the appellate court will make every presumption in favor of the trial court's judgment. *State v. Gamble*, 692 S.W.2d 200, 202 (Tex.App.—Fort Worth 1985, no writ); *see also Chappel Hills, Inc. v. Boatwright*, 702 S.W.2d 687, 690 (Tex.App.—Houston [14th Dist.] 1985, no writ).

■ The record in the instant case consists of nothing more than appellee's pleadings, the trial court's final order granting expunction of appellee's prior arrest records, notice of appeal, and petition for writ of error. Unsworn pleadings made by petitioner's attorney are not evidence. *Texas Department of Public Safety v. Wiggins*, 688 S.W.2d 227, 228 (Tex.App.— El Paso 1985, no writ). Accordingly, the trial court's judgment must be affirmed absent fundamental error on the face of the record.

The pertinent provision of Article 55.01 is as follows:

A person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if each of the following conditions exist:

(2) he has been released and the charge, if any, has not resulted in a final conviction and, is no longer pending and *there was no court ordered supervision under Article 42.13, Code of Criminal Procedure, 1965, as amended,* [emphasis added] nor a conditional discharge under Section 4.12 of the Texas Controlled Substances Act (Article 4476–15, Vernon's Texas Civil Statutes); and

Tex.Code Crim.Proc.Ann. art. 55.01 (Vernon Supp.1987).

In reference to deferred adjudication of sentence, Section 3d(a) of art. 42.12, Tex.

Code Crim.Proc.Ann. (Vernon Supp.1987) provides:

> The Court *may* impose a fine applicable to the offense and require any reasonable terms and conditions of probation, including any of the conditions enumerated in Sections 6 and 6a of this Article. [emphasis added]

It is undisputed that Alaniz has met the requirements of article 55.01 unless the terms of her "deferred sentence" constitutes "court ordered supervision." We are unable to reach this issue, however, absent evidence in the record of the order deferring Alaniz' sentencing and placing her on probation. Under the applicable provisions of Section 3d(a), the Court may or may not have required any terms of probation. Appellant has not met its burden.

Appellant relies on *State v. Gamble*, 692 S.W.2d 200 (Tex.App.—El Paso 1985, no writ). In that case, the court was confronted with the issue of whether deferred adjudication probation constituted court ordered supervision. However, in reversing the trial court's order of expunction, the Court of Appeals had before it the order placing appellee on probation and appellee's motion to dismiss the original charges.

Here, the record is devoid of any such findings regarding probation and, unlike *Gamble*, there has been no prior order submitted indicating appellee's 1983 larceny charge resulted in a deferred sentence placing appellee on probation.

On the basis of the record before us, we are unable to find that the trial court acted improperly in expunging appellee's arrest records. No error on the face of the record has been shown. The judgment of the trial court is AFFIRMED.