COMPUSOLVE, INC., Appellant,

v.

URBAN ENGINEERING, INC., Appellee.

No. 13–90–034–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 11, 1990.

Timothy D. McMurtrie, Jon Bonilla, Corpus Christi, for appellant.

C.M. Henkel, III, Henkel & Hyden, Corpus Christi, for appellee.

Before NYE, C.J., and BENAVIDES and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

By a petition for writ of error, Compusolve, Inc. appeals a summary judgment granted in favor of Urban Engineering, a Texas Partnership. Compusolve raises two points of error related to deemed admissions and Urban Engineering's consumer status under the Deceptive Trade Practices Act (DTPA).[1] We affirm the trial court's judgment.

On June 22, 1987, Urban Engineering filed suit under the DTPA against Compusolve and Linkdata, Inc., for damages related to the purchase and service of a Linkdata computer system from Compusolve. Compusolve and Linkdata responded with a general denial. On May 23, 1988, Urban Engineering served Compusolve and Linkdata with a combined set of interrogatories and requests for admission. Before filing responses, Linkdata's attorney withdrew. On June 27, 1988, Compusolve filed responses to the requests for admission. Subsequently, Compusolve's attorney withdrew. On March 27, 1989, Urban Engineering sent a second set of Interrogatories and Requests for Admission directly to Compusolve.

After receiving no response, Urban Engineering filed a motion for summary judgment against both Compusolve and Linkdata. In its motion, Urban Engineering contended that the pleading, affidavits and discovery documents on file or attached show that there is no genuine issue regarding any material fact. It cited the twenty-nine requests for admissions from the second set of discovery, which it concluded were deemed admitted pursuant to Tex.R. Civ.P. 215. Neither Compusolve nor Linkdata responded to the motion for summary judgment.

On June 1, 1989, the trial court granted Urban Engineering's motion for summary judgment, and entered judgment for $285,-540.13 with post-judgment interest and attorney's fees. Included in the judgment was the automatic trebling of the first $1,000 of Urban Engineering's recovery. On July 18, 1989, a third-party cause of action between Linkdata and Compusolve was severed, rendering the summary judgment of June 1, 1989, a final judgment.

---

1. Tex.Bus. & Com.Code Ann. §§ 17.41 et seq., 17.45 (Vernon 1987).

This judgment was corrected nunc pro tunc to reflect that Linkdata's counterclaim against Urban Engineering had no merit.

Subsequently, Compusolve filed a petition for writ of error, contending that at the time of the hearing on the motion for summary judgment it was not represented by counsel and that it did not appear nor was it represented at the hearing. It contended that the record showed the various errors which occurred in the record and the proceedings.

■ In order for Compusolve to proceed by writ of error, it must show: (1) the petition for writ of error was filed within six months after the date of judgment; (2) that the party did not participate in the actual trial of the case; and (3) that the invalidity of the judgment appears from the face of the record. *See Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985); *Ex parte Alaniz*, 738 S.W.2d 370, 371 (Tex. App.—Corpus Christi 1987, no writ). The writ of error was filed within six months of the date of judgment and it is undisputed that Compusolve did not participate in the trial. The remaining question is whether there was error on the face of the record. Since this is a summary judgment, we will review the record on its face to determine whether it establishes that there is no genuine issue of material fact and that Urban Engineering is entitled to summary judgment as a matter of law on all issues presented to the trial court. *See Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex.1988); *Torres v. Laredo Nat'l Bank*, 716 S.W.2d 667, 668–69 (Tex.App.—Corpus Christi 1986, no writ).

By its first point of error, Compusolve contends that Urban Engineering failed to prove that its second set of combined requests for discovery was deemed admitted. Urban Engineering's motion for summary judgment was based primarily on Compusolve's failure to respond to the requests for admission contained in Urban Engineering's second set of discovery. Compusolve argues that Urban Engineering failed to provide any proof to the trial court that such requests for admissions were sent to Compusolve.

Attached to the discovery was a certificate of service signed by Urban Engineering's attorney in which he certified that a "true and correct copy of the above Combined Request for Discovery has been sent...." Compusolve argues that this is a reference to the title of the document and contradicts any notion that Urban Engineering sent its "Second Set of Combined Request for Discovery" to Compusolve. It argues that the certificate is ambiguous and creates a genuine issue of material fact as to what document was actually sent to Compusolve.

■ Notice may be served by delivering a copy of the document to be served to the party to be served either in person or by registered mail to his last known address, or notice may be given in such other manner as the court in its discretion may direct. Tex.R.Civ.P. 21a. A certificate of service is prima facie evidence of service. Tex.R. Civ.P. 21a. In other words, under Rule 21a, a certificate of service creates a presumption that the requisite notice was served and, in the absence of evidence to the contrary, has the force of a rule of law. *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987); *Krnchnak v. Fulton*, 759 S.W.2d 524, 528 (Tex.App.—Amarillo 1988, writ denied); Tex.R.Civ.P. 21a.

Rule 21a requires that a party receive notice by being served with the document in question. Although the certificate of service attached to the document in question in this case does refer to the "above document" as the "Combined Requests for Discovery" and not the "Second Set of Combined Requests for Discovery," it was attached to the second set and stated that the above document, referencing that to which it was attached, was properly served. Under the circumstances, the fact that the document was described in one place as the "Combined Requests for Discovery" rather than the "Second Set of Combined Requests for Discovery" does not render the notice fatally defective. The certificate of service clearly related to the attached second set of combined requests. The pre-

sumption created by the certificate of service is that the document to which the certificate was attached is the document which was sent to Compusolve. Hence, since the certificate was attached to the second set of discovery, the certificate of service is prima facie evidence that Urban Engineering properly sent a copy of the second set of discovery to Compusolve. We find no error on the face of the record with regard to service of the second set of discovery on Compusolve and overrule Compusolve's first point of error.

By its second point of error, Compusolve contends that the trial court erred in finding that Urban Engineering could recover under the DTPA as a matter of law. Although Compusolve contends that Urban Engineering had the burden of pleading and proving that it was a consumer under the DTPA, it concedes that Urban Engineering presented evidence defining itself as a "business consumer" under the DTPA. It argues, however, that Urban Engineering was required to both plead and prove that it was business consumer under the DTPA and had assets less than twenty-five million dollars.

■ Business consumers with assets of twenty-five million dollars or more are excluded from recovery under the DTPA. *Eckman v. Centennial Sav. Bank,* 784 S.W.2d 672, 674 (Tex.1990). The twenty-five million dollar exception is an affirmative defense which must be pled and proven by a DTPA defendant. *Eckman,* 784 S.W.2d at 675–76. Hence, contrary to Compusolve's assertion, it, and not Urban Engineering, had the burden to prove that Urban Engineering was a business consumer with assets of twenty-five million dollars or more.

■ The record shows that Compusolve filed a general denial to Urban Engineering's petition; Compusolve did not plead the affirmative defense of the twenty-five million dollar exception. Further, Compusolve did not respond to Urban Engineering's motion for summary judgment and did not offer any proof that Urban Engineering had assets of twenty-five million dollars or greater. Hence, Compusolve ·

waived any defense regarding Urban Engineering's consumer status by filing a general denial and not raising this affirmative defense at the trial level. *See Villalon v. Vollmering,* 676 S.W.2d 220, 222 (Tex.App.—Corpus Christi 1984, no writ). The record shows that Compusolve's point of error regarding Urban Engineering's failure to prove that it was a business consumer with assets less than twenty-five million has no merit. Accordingly, we overrule Compusolve's second point of error.

The judgment of the trial court is AFFIRMED.