**Jeffrey JACKSON, Appellant,**

v.

**Dr. Patrick REARDON and Baylor College of Medicine, Appellees.**

**No. 01–99–00696–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

March 16, 2000.

Dale F. Carrington, Houston, for appellant.

Joanna B. Walker, Houston, for appellee.

Panel consists of Justices COHEN, HEDGES, and ANDELL.

## OPINION

MURRY B. COHEN, Justice.

This is an appeal from the dismissal of appellant's medical malpractice claims against Baylor College of Medicine and Dr. Patrick Reardon (collectively referred to as "Baylor") pursuant to Tex.Rev.Civ. Stat. Ann. art. 4590i, sec. 13.01 (Vernon Supp.2000 ("art.4590i"). We affirm.

## Facts

On February 5, 1999, 221 days after appellant filed suit, Baylor moved to dismiss and for sanctions for appellant's failing to comply with the 180–day statutory mandate to file expert witness' reports. Baylor's motion was set for hearing by submission without oral argument on February 22, 1999. On February 19, 1999, Jackson untimely filed an expert report, lacking the required curriculum vitae. *See* art. 4590i, § 13.01(d). Appellant filed no other response and no request for grace under Article 4590i.

The judge granted Baylor's motion on February 23, 1999, dismissed Jackson's claims with prejudice, and awarded Baylor attorney's fees. On March 9, 1999, 15 days after the hearing on Baylor's motion, appellant responded to the motion and requested the trial court to reconsider its decision and grant appellant a grace period under art. 4590i to file his expert report. After an oral hearing on April 9, 1999, the trial court denied appellant's motion for reconsideration and for grace and awarded Baylor additional attorney's fees.

## Analysis

In the first point of error, appellant contends the trial court erred in dismissing his claims against Baylor because he did not provide an expert report.

■ We review the trial court's dismissal of a cause of action under section 13.01(e) using an abuse of discretion standard. *See Martinez v. Lakshmikanth,* 1 S.W.3d 144, 146 (Tex.App.—Corpus Christi 1999, no pet.). This is different from the standard of review we apply when the sole issue is whether a timely filed "expert report" complies with art. 4590i, sections 13.01(*l*), (r)(6). *See Palacios v. American Transitional Care Centers of Texas, Inc.,* 4 S.W.3d 857, 860 (Tex. App.—Houston [1st Dist.] 1999, pet. filed). There is no issue here like that in *Palacios.* The sole issue is whether appellant should be excused for filing his report late.

Section 13.01(d) of art. 4590(i) provides:

Not later than the later of the 180th day after the date on which a health care liability claim is filed or the last day of any extended period established under subsection (f) or (h) of this section, the claimant shall, for each physician or health care provider, against whom a claim is asserted:

(1) furnish to counsel for each physician or health care provider one or more expert reports, with a curriculum vitae of each expert listed in the report; or

(2) voluntarily nonsuit the action against the physician or health care provider.

Appellant sued on June 29, 1998. Thus, he had until December 26, 1998 either to furnish an expert report with curriculum vitae attached or to nonsuit the case. He did neither.

■ Appellant's complaint fails because the sanctions imposed here are mandated by art. 4590i, § 13.01(e); *see also Horsley–Layman v. Angeles,* 968 S.W.2d 533, 536 (Tex.App.—Texarkana 1998, no writ). Section 13.01(e) provides:

If a claimant has failed, for any defendant physician or health care provider, to comply with subsection (d) of this section within the time required, the court shall, on the motion of the affected physician or health care provider, enter an order awarding as sanctions against the claimant or the claimant's attorney:

(1) the reasonable attorney's fees and costs of court incurred by that defendant;

(2) the forfeiture of any cost bond respecting the claimant's claim against the defendant to the extent necessary to pay the award; and

(3) the dismissal of the action of the claimant against the defendant with prejudice to the claim's refiling.

Thus, the court did not err.

■ Appellant also contends the trial court abused its discretion when it refused to grant additional time to file an expert report. Appellant was not entitled to an extension to file his expert report unless he satisfied the requirements of section 13.01(g):

Notwithstanding any other provisions of this section, if a claimant has failed to comply with a deadline established by Subsection (d) of this section and after hearing the court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection. **A motion by a claimant for relief under this subsection shall be considered timely if it is filed before any hearing on a motion by a defendant under Subsection (e) of this section.**

(emphasis added). Appellant failed to make a timely request. Therefore, the trial court was not required by section 13.01(g) to grant an extension. Instead, the court was required to dismiss and award attorney's fees. Without a timely response supported by evidence, the court could not have found the appellant's failure was unintentional.

■ Appellant asserts that "no hearing was held and the court mistakenly signed an order on February 23, 1999." There is no evidence of mistake. Article 4590i does not expressly require an oral hearing on a motion to dismiss. As a general rule, an adjudication based on written materials alone is sufficient. *See Gulf Coast Inv. Corp. v. Nasa 1 Bus. Ctr.*, 754 S.W.2d 152, 153 (Tex.1988) ("Unless required by the express language or the context of the particular rule, therefore, the term 'hearing' does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court."). The court conducted such a hearing, based on written materials alone.

■ Appellant also contends that the trial court erred in dismissing his case because he filed an expert report before the hearing on Baylor's motion. The untimely filing of an expert report was not a response to Baylor's motion and did not cure appellant's failure timely to comply with Article 4590i's requirements. Appellant contends that section 13.01(i) "appears" to allow him to file the expert report requirement at any time by filing an expert report. We disagree. No authority supports that result, which would be contrary to the entire statute.

Finally, appellant asserts that section 13.01(f) entitled him to a 30–day extension.[1] Because he never made a timely request for one, there was no abuse of discretion.

We overrule the first point of error.

In the second point of error, appellant contends the trial court erred in awarding attorney's fees to Baylor.

■ Baylor's attorney testified by affidavit and without objection that Baylor's reasonable costs and attorney's fees through January 31, 1999 were $29,215.39 and $17,317.87 more by the April 9, 1999 hearing. Appellant's brief does not state how the evidence was insufficient. Thus, nothing is presented for review.

---

1. Section 13.01(f) provides:

The court may, for good cause shown after motion and hearing, extend any time period specified in Subsection (d) of this section for an additional 30 days. Only one extension may be granted under this subsection. Tex.Rev.Civ. Stat. Ann. art. 4590i, § 13.01(f) (Vernon Supp.2000).

We overrule the second point of error.

In the third point of error, appellant contends the court's order was insufficient because it failed to meet the requirements of Tex.R. Civ. P. 13.

This contention fails because the order was issued pursuant to section 13.01 of Article 4590i, not pursuant to Rule 13. Baylor never requested sanctions under Rule 13. Therefore, the order did not have to comply with Rule 13.

We overrule the third point of error.

We affirm the judgment.