TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellant,

v.

Lawrence SIX, Appellee.

No. 2–00–051–CV.

Court of Appeals of Texas,
Fort Worth.

Aug. 3, 2000.

Charles R. Maddox, Texas Dept. of Public Safety, Austin, for appellant.

Lawrence Six, Wichita Falls, for appellee.

PANEL A: CAYCE, C.J.;
DAUPHINOT and GARDNER, JJ.

## OPINION

ANNE GARDNER, Justice.

### I. INTRODUCTION

This is an appeal from an order granting expunction of criminal records. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01–.05 (Vernon Supp.2000). We reverse and render.

### II. FACTUAL BACKGROUND

Appellant Texas Department of Public Safety appeals from an expunction order entered by the 89th District Court of Wichita County. Appellee Lawrence Six was arrested for the offense of theft of a firearm, a state jail felony, and an indictment was accordingly presented against him. Pursuant to a plea bargain, Appellee pleaded guilty to the felony offense of theft of a firearm reduced to a class A misdemeanor. Appellee filed an ex parte petition with the 89th District Court to expunge the felony arrest. None of the six law enforcement agencies named in the petition filed an answer or appeared at the expunction hearing to oppose the expunction. Appellee failed to timely mail a notice of intent to take a default judgment against Appellant to the Office of the Attorney General in Austin, Texas. By a signed order, the trial court granted the expunction. Appellant timely filed a Notice of Restricted Appeal.

### III. DISCUSSION

In five issues, Appellant asserts that the trial court committed reversible error by granting Appellee's expunction. In three of the five issues, Appellant contends that Appellee's pleadings were fatally defective under article 55.02 of the Texas Code of Criminal Procedure. Appellant first ar-

gues that Appellee failed to plead that the county of arrest was Wichita County, which deprives the trial court of jurisdiction. *See* TEX.CODE CRIM. PROC. ANN. art. 55.02, § 2(b)(5); *Peek v. Equipment Serv. Co.,* 779 S.W.2d 802, 804 (Tex.1989). Second, it argues that Appellee failed to include statutorily required information in his pleadings, such as the offense charged, the date of arrest, the county of arrest and whether the arrest occurred in a municipality, the name of the arresting agency, and the case number and court of offense. *See* TEX.CODE CRIM. PROC. ANN. art. 55.02 § 2(a), (b). Third, Appellant argues that Appellee failed to state a cause of action for an expunction by failing to plead, as statutorily required, that his felony indictment was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of dismissal to believe Appellee committed the offense or because the indictment was void. *See id.* art. 55.01(a)(2)(A).

In its fourth issue, Appellant asserts that Appellee was not entitled to an expunction because he was indicted for the arrest for which expunction was sought, he confessed to the charges, and he was found guilty by the trial court. Finally, in its fifth issue, Appellant asserts that the expunction should not have been granted when no notice of intent to take a default judgment against Appellant, a state agency, was mailed to the Office of the Attorney General in Austin, Texas, as required by section 39.001 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 39.001 (Vernon 1997).

█ Appellee had the burden of proving his entitlement to expunction. *See Texas Dep't of Pub. Safety v. Katopodis,* 886 S.W.2d 455, 457 (Tex.App.—Houston [1 st Dist.] 1994, no writ). Article 55.01 of the Texas Code of Criminal Procedure governs an individual's right to expunction. *See* TEX.CODE CRIM. PROC. ANN. art. 55.01. Arti-

cle 55.01 provides that a person who has been arrested and charged for commission of a felony or misdemeanor is entitled to have the records relating to the arrest expunged if he has been acquitted of the offense or convicted and subsequently pardoned [1] or if each of three conditions have been met:

(A) an indictment or information charging the person with commission of a felony has not been presented against the person for the offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was not court ordered community supervision under Article 42.12 of this code; *and*

(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

*Id.* art. 55.01(a)(2)(A), (B), (C) (emphasis added).

█ Having not been acquitted or pardoned, Appellee must satisfy the three conditions required by article 55.01(a)(2) in order to be entitled to expunction. *See id.* The record on appeal shows that Appellee has, at the very least, failed to establish the first requirement that would entitle him to expunction. Appellee' petition states that he:

... pled guilty to the felony offense of Theft of a Firearm, a State Jail Felony, reduced to a Class A Misdemeanor un-

1. *See* TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(1)(A), (B).

der Section 12.44(a), Texas Penal Code and plea bargained for a $500.00 fine and Court Costs of $181.50 to be paid in 180 days ...

This constitutes a judicial admission that Appellee pleaded guilty to a class A misdemeanor under section 12.44(a) of the Texas Penal Code in exchange for the dismissal of the formal felony indictment. *See Houston First Am. Sav. v. Musick,* 650 S.W.2d 764, 767 (Tex.1983) (assertions of fact, not pled in the alternative, in the live pleadings of a party are regarded as formal judicial admissions). Therefore, it was not possible for the trial court to find that the indictment was dismissed due to false information, mistake, or other similar reason indicating absence of probable cause to believe Appellee committed the offense or because it was void. Expunction is only available when all the statutory conditions have been met. *See State v. Gamble,* 692 S.W.2d 200, 202 (Tex.App.—Fort Worth 1985, no writ). Appellee's petition for expunction, itself, establishes that, as a matter of law, Appellee could not be entitled to expunction. *See id.* Accordingly, it was error for the trial court to order expunction.

Because Appellee failed to establish his threshold entitlement to expunction, we need not address the merits of Appellant's numerous contentions regarding the Appellee's procedural pleading deficiencies. Appellee's petition for expunction should have been denied.

## IV. CONCLUSION

The order of the trial court is reversed and judgment is rendered that the petition for expunction be denied.