Opinion issued December 2, 2004












 




In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-01272-CV
   __________
 
DEBORAH WADE, INDIVIDUALLY AND
ON BEHALF OF THE HEIRS AT LAW
 OF DAISY MAE SIMPSON, Appellant
 
V.
 
THE METHODIST HOSPITAL AND 
SELECT SPECIALTY HOSPITAL–HOUSTON, INC., Appellees
 

 
 
On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2001-56978
 

 
 
MEMORANDUM OPINION
          Appellant, Deborah Wade, individually and on behalf of the heirs at law of
Daisy Mae Simpson, challenges the trial court’s order dismissing her medical
malpractice lawsuit against appellees, The Methodist Hospital (Methodist) and Select
Specialty Hospital–Houston, Inc. (Select), because of her failure to provide an expert
report, as required by the former Texas Medical Liability and Insurance Improvement
Act (the Act).


 In three issues, Wade contends that the trial court erred (1) in
dismissing her suit, (2) in refusing to grant her request for an extension of time to file
a report, and (3) in failing to reinstate her claims. We affirm 
Background
          Daisy Mae Simpson, a known diabetic, underwent coronary bypass surgery at
Methodist. A month after surgery, Simpson was transferred to Select for long-term
care for the decubitus ulcer she developed post-operatively while at Methodist. Less
than two months later, Simpson died allegedly from sepsis, which originated in the
ulcer that formed while she was at Methodist. 
          On November 5, 2001, Wade sued Methodist and Select and alleged that both
hospitals provided negligent medical care to Simpson by failing to use an egg crate
mattress on Simpson’s bed. Wade alleged that this failure caused Simpson to develop
a pressure ulcer and subsequent infection, allegedly resulting in her death. 
          On July 25, 2002, Methodist filed its motion to dismiss, in which it asserted
that the 180-day deadline for filing an expert report was May 4, 2002, and the
discretionary 30-day extension of that deadline allowed by article 4590i expired on
June 3, 2002. See id. § 13.01(f). Methodist argued that, because Wade failed to file
an expert report, the trial court must dismiss her claims. 
          On August 1, 2002, in her response to Methodist’s motion to dismiss, Wade
acknowledged that she had missed the deadline to file an expert report and she
requested a 30-day extension to file the report. Wade explained that her “failure to
produce an expert report prior to the deadline was not intentional or the result of
conscious indifference nor due to the fact that ‘they cannot find a single expert who
will support their theories of liability and causation’ as alleged by Defendant.” She
further explained that the delay was caused by her solo-practitioner-counsel who had
“been inundated for the past six (6) months with trials, hearings and other settings
that have prevented him from meeting with the expert regarding preparation of the
‘expert report.’” On August 12, 2002, Select filed its motion to dismiss asserting, as
Methodist had, that Wade failed to timely file an expert report. On August 21, 2002,
Wade filed her response to Select’s motion to dismiss, in which she again sought a
30-day extension to file the expert report. 
          The trial court granted the motions to dismiss.
Expert Report Requirement
          In her first point of error, Wade argues that the trial court erred in dismissing
her claim because (1) the claim falls under the legal theories of common law
negligence and res ipsa loquitor, (2) Methodist and Select waived their complaint
regarding an expert report, and (3) the trial court failed to follow the procedural
requisites set by the Act.
Standard of Review
          We review a trial court’s dismissal of a healthcare liability claim under former
article 4590i using an abuse-of-discretion standard. Am. Transitional Care Centers
of Tex., Inc. v. Palacios, 46 S.W.3d 873, 877 (Tex. 2001); Powers v. Mem’l Hermann
Hosp. Sys., 81 S.W.3d 463, 465 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). 
A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without
reference to guiding rules or principles. Powers, 81 S.W.3d at 465.
Expert Report Requirement
          Section 13.01(d) addresses the expert report requirement as follows:
Not later than the later of the 180th day after the date on which a health
care liability claim is filed . . . the claimant shall, for each physician or
health care provider against whom a claim is asserted:
 
(1)furnish to counsel for each physician or health care provider one
or more expert reports, with a curriculum vitae of each expert
listed in the report; or
 
(2)voluntarily nonsuit the action against the physician or health care
provider. 

Id. § 13.01 (d). 
          In their motions to dismiss Wade’s claims, Methodist and Select relied chiefly
on subsection 13.01(e) of the Act,


 which provided a specific and mandatory remedy
for a claimant’s non-compliance with subsection (d). Subsection 13.01(e) of the Act
provided as follows:
If a claimant has failed to, for any defendant physician or healthcare
provider, to comply with Subsection (d) of this section within the time
required, the court shall, on the motion of the affected physician or
health care provider, enter an order awarding as sanctions against the
claimant or the claimant's attorney:
 
(1)the reasonable attorney’s fees and costs of court incurred by that
defendant;
 
(2)the forfeiture of any cost bond respecting the claimant’s claim
against that defendant to the extent necessary to pay the award; 
and
 
(3)the dismissal of the action of the claimant against that defendant
with prejudice to the claim’s refiling. 

Id. § 13.01(e). A trial court may allow a 30-day grace period to comply with the
requirements of section 13.01(d), but only after finding that “the failure of the
claimant or the claimant’s attorney was not intentional or the result of conscious
indifference but was the result of an accident or mistake.” Id. § 13.01(g). Such a
motion for extension of time is considered timely if it is filed before a defendant’s
motion to dismiss hearing. 
          It is undisputed that Wade filed no expert report within 180 days of filing her
lawsuit. Thus, her claims were subject to dismissal with prejudice.
          Wade claims that an expert report was not required because, in common law, 
“expert testimony is not required to show negligence and proximate cause in medical
negligence actions when the nature of the alleged malpractice and injuries is plainly
within the common knowledge of lay people.” Wade further asserts that “most
people are aware that the use of an egg crate mattress specifically designed to help
in blood circulation prevents bedsores which are common in ailing diabetics.” We
disagree. 
          To fall outside the spectrum of cases requiring expert reports, “the nature of the
alleged malpractice and injuries [must be] plainly within the common knowledge of
laymen.” Haddock v. Arnspiger, 793 S.W.2d 948, 951 (Tex. 1990). The type of
injury suffered at the hands of a medical provider for which no expert report is
required usually involves the misuse of mechanical instruments, operating on the
wrong part of the body, or leaving surgical instruments or sponges in the body. Id. 
Furthermore, for res ipsa loquitur to apply, the injury must be one that could only
occur in the absence of ordinary care. Id. at 950. 
          Contrary to Wade’s assertion, several courts have held that the standard of care
for preventing and treating ulcers is properly established by expert testimony. See
Hall v. Tomball Nursing Ctr., Inc., 929 S.W.2d 617, 620 (Tex. App.—Houston [14th
Dist.] 1996, no writ) (expert testimony required to show that doctor’s treatment of
large ulcer was within the standard of care); Pack v. Crossroads, Inc., 53 S.W.3d 492,
500 (Tex. App.—Fort Worth 2001, pet. denied) (expert testimony required to show
that multiple decubitus ulcers were the result of neglect). Accordingly, we hold that
Wade has failed to meet her burden of showing that this case fell within common law
negligence and res ipsa loquitur, thus negating the need for an expert report. 
Waiver
          Wade contends that Methodist and Select “waived their right by engaging in
discovery and waiting for a period of more than 210 days to file their motions to
dismiss.”
          In Jernigan v. Langley, 111 S.W.3d 153 (Tex. 2004), the Texas Supreme Court
addressed this very issue. Section 13.01 imposes a deadline on the claimant to file
an expert report, but it does not impose a deadline for a health care provider to file
a motion to dismiss under subsection (e). Although there is no statutory deadline to
file a motion to dismiss, in Jernigan, the court was asked to decide whether the health
care provider nevertheless waived the right by waiting over 600 days after receiving
the reports to object, participating in discovery, filing a motion for summary judgment
on other grounds, and amending his answer to delete references to the plaintiff’s
failure to follow statutory prerequisites to suit. Id. at 156. In concluding that the
healthcare provider did not waive his right to seek dismissal, the court explained that 
waiver is defined as “an intentional relinquishment of a known right or intentional
conduct inconsistent with claiming that right.” Id. (quoting Sun Exploration & Prod. 
Co. v. Benton, 728 S.W.2d 35, 37 (Tex. 1987)). Waiver is largely a matter of intent,
and for implied waiver to be found through a party’s actions, intent must be clearly
demonstrated by the surrounding facts and circumstances. Motor Vehicle Bd. v. El
Paso Indep. Auto. Dealers Ass’n, Inc., 1 S.W.3d 108, 111 (Tex. 1999). There can be
no waiver of a right if the person sought to be charged with waiver says or does
nothing inconsistent with an intent to rely upon such right. Maryland Cas. Co. v.
Palestine Fashions, Inc., 402 S.W.2d 883, 888 (Tex. 1966). Waiver is ordinarily a
question of fact, but when the surrounding facts and circumstances are undisputed,
as in this case, the question becomes one of law. See Motor Vehicle Bd., 1 S.W.3d
at 111.
          Although Methodist and Select waited more than 200 days to move for
dismissal, the mere fact that a defendant waits to file a motion for dismissal under
section 13.01(e) is insufficient to establish waiver unless the defendant’s silence or
inaction shows an intent to yield the right to dismissal. See Tenneco, Inc. v. Enter. 
Prod. Co., 925 S.W.2d 640, 643 (Tex. 1996) (silence or inaction may establish waiver
if it is for so long a period that it shows an intent to yield the known right). Because
the statute does not include a deadline, a defendant does not waive the right to move
for dismissal simply by waiting to file the motion. Strom v. Mem’l Hermann Hosp.
Sys., 110 S.W.3d 216, 227 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). 
          Accordingly, we hold that Wade has failed to meet her burden of showing that
Methodist and Select waived their right to dismiss, thus negating the need for an
expert report. 
Procedural Requisites
          Finally, Wade asserts that “the district court failed to follow the procedural
requirements by entering an order requiring [Wade] to file a cost bond within 21 days
of the signing of the order. And, upon failure to comply, entering an order dismissing
the matter for want of prosecution.”
          Like the plaintiff in Schorp v. Baptist Mem’l Health Sys., 5 S.W.3d 727 (Tex.
App.—San Antonio 1999, no pet.), Wade contends that the trial court erred in
dismissing the case without first providing for progressive sanctions in accordance
with the statute’s intent. These sanctions are triggered when defense counsel files a
motion after the 90-day deadline has passed requesting that the trial court enter an
order requiring the plaintiff to file a $7,500 cost bond or risk dismissal of the case. 
See § 13.01(b) (stating specifically that the trial court enter, on motion of the affected
physician or health care provider, an order requiring the appellant to post a cost bond,
and if they fail to do so, the trial court may dismiss the case). Here, Wade’s attorney
contends that Methodist’s and Select’s counsel waited for the passing of the 180-day
deadline before moving for dismissal with prejudice. Thus, Wade was denied
progressive sanctions of § 13.01(b) and was handed a death sentence.
          A fundamental rule of statutory construction is that a court should ascertain the
intent of the legislature as expressed in the plain language of the statute. See St.
Luke’s Episcopal Hosp. v. Agbor, 952 S.W.2d 503, 505 (Tex. 1997). When a statute
is clear and unambiguous, we need not resort to rules of construction or extrinsic aids
to construe it, but should give the statute its common meaning. See id. Moreover, we
are aware that we must take statutes as we find them. See RepublicBank Dallas v.
Interkal, Inc., 691 S.W.2d 605, 607 (Tex. 1985).
          Section 13.01(b) unambiguously requires that the trial court enter an order
requiring a plaintiff to post a $7,500 bond within 21 days or risk dismissal of the case. 
See § 13.01(b). Furthermore, such an order can only be entered pursuant to a
defendant’s motion. Id. However, there is nothing in the statute requiring the
defendant to enter and file such a motion, and we will not read in such a requirement. 
See Schorp, 5 S.W.3d at 734. The trial court properly adhered to the plain language
of the statute. Wade failed to comply with 13.01(d), and Methodist and Select moved
to dismiss. 
          Accordingly, we hold that Wade has failed to meet her burden of proving that
the trial court abused its discretion in granting the dismissal. We overrule point of
error one.  
Extension of Time
          In point of error two, Wade argues that the trial court erred in refusing to grant
her request for extension of time to file an expert report.
          A trial court may allow a 30-day grace period to comply with the requirements
of section 13.01(d), but only after finding that “the failure of the claimant or the
claimant’s attorney was not intentional or the result of conscious indifference but was
the result of an accident or mistake.” Id. § 13.01(g). A section 13.01(g) grace-period
determination is reviewed under an abuse of discretion standard. Walker v. Gutierrez,
111 S.W.3d 56, 62 (Tex. 2003). A trial court abuses its discretion if it acts in an
arbitrary or unreasonable manner without reference to any guiding rules or principles.
 Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). When
reviewing matters committed to the trial court’s discretion, a court of appeals may not
substitute its own judgment for the trial court’s judgment. See Flores v. Fourth Court
of Appeals, 777 S.W.2d 38, 41-42 (Tex. 1989). We now consider whether the trial
court abused its discretion in denying Wade’s request for a grace period.
          In determining whether there was intentional disregard or conscious
indifference, the trial court must look to the knowledge and acts of the plaintiff. See
Strackbein v. Prewitt, 671 S.W.2d 37, 39 (Tex. 1984). Wade had the burden to
present evidence that would support a finding of accident or mistake. See Jackson
v. Reardon, 14 S.W.3d 816, 819 (Tex. App.—Houston [1st Dist.] 2000, no pet.). An
accident or mistake is generally “characterized by inadequate knowledge of the facts
or an unexpected happening that precludes compliance.” Pfeiffer v. Jacobs, 29
S.W.3d 193, 198 (Tex. App.—Houston [14th Dist] 2000, pet. denied). Because there
are no findings of fact or conclusions of law, it must be presumed that the trial court
found that Wade did not satisfy her burden to show accident or mistake. See Am.
Type Culture Collection, Inc. v. Coleman, 83 S.W.3d 801, 806 (Tex. 2002). 
          Here, in her unverified motion for extension of time to file the expert report,
Wade acknowledged that she was aware of the deadline and her failure to file a timely
report. She justified her failure by explaining that her counsel had “been inundated
for the past six (6) months with trials, hearings and other settings that have prevented
him from meeting with the expert regarding preparation of the ‘expert report.’” 
          Unsworn pleadings made by Wade’s counsel are not evidence. See Ex parte
Alaniz, 738 S.W.2d 370, 371 (Tex. App.—Corpus Christi 1987, no writ). 
Accordingly, Wade has failed to meet her burden of proving that the trial court
abused its discretion by denying her motion for extension of time to file an expert
report. 
          We overrule point of error two.
Motion to Reinstate
          In point of error three, Wade contends that the trial court erred in failing to
reinstate Wade’s claims pursuant to Texas Rule of Civil Procedure 165a.
          The elements of section 13.01(g) of the Act, quoted above, are obviously
derived from the terms of Texas Rule of Civil Procedure 165a(3), governing the
reinstatement of causes after dismissal for want of prosecution, and from the rules
governing equitable motions for new trial established in Craddock v. Sunshine Bus
Lines, 133 S.W.2d 124, 126 (Tex. 1939).


 We believe, therefore, that the legislature
intended the elements of section 13.01(g) to apply in an analogous manner. See, e.g.,
Smith v. Babcock & Wilcox Constr. Co., 913 S.W.2d 467, 468 (Tex. 1995)
(employing Craddock rules in applying Rule 165a(3)).
          Proof of accident or mistake negates the intent or conscious indifference for
which reinstatement or a new trial will be denied. See id. at 468. To establish a right
to a new trial, one must show “some excuse,” not necessarily a good excuse, for
failing to comply with a judicial requirement. Gotcher v. Barnett, 757 S.W.2d 398,
401 (Tex. App.—Houston [14th Dist.] 1988, no writ); see also Craddock, 133 S.W.2d
at 125. A party moving for a new trial may support his position by affidavits attached
to the motion and by evidence. McClure v. Landis, 959 S.W.2d 679, 681 (Tex.
App.—Austin 1997, pet. denied). The attached affidavits “do not have to be offered
in evidence in order to be considered by the trial court.” Director, State Employees
Workers’ Comp. Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994); see Strackbein v.
Prewitt, 671 S.W.2d 37, 38 (Tex. 1984). Unless the opposing party controverts
specifically the facts alleged by the movant for new trial, the latter will prevail on the
issue of mistake. See Evans, 889 S.W.2d at 269. In Evans, the trial judge was held
to have abused his discretion by refusing a new trial when the record did not
controvert movant’s affidavit statement regarding his mistaken belief as to a trial date. 
Evans, 889 S.W.2d at 269. In Bank One, Texas, N.A. v. Moody, 830 S.W.2d 81, 85
(Tex. 1992), the trial judge was held to have abused his discretion by refusing a new
trial when the record did not controvert a bank president’s mistaken belief that
“freezing” a depositor’s account and tendering the account balance to the court was
a legally sufficient response to a writ of garnishment served on the bank.
          Here, one month after the trial court granted Methodist’s and Select’s motions
to dismiss, Wade filed a verified motion to reinstate. In her motion, Wade justified
her need for reinstatement by asserting that her failure to file an expert report was
“not intentional, nor due to conscious indifference, but was occasioned by accident,
mistake, or other circumstances which reasonably explain the failure.” Wade argued
that failing to grant her motion for reinstatement “would serve as ‘death penalty’ to
the Plaintiff and a party should not be punished for counsel’s conduct in which it is
implicated apart from having entrusted to counsel its’ (sic) legal representation.” 
Wade also stated that she had “obtained a written opinion from an expert who has
knowledge of accepted standards of care for the diagnosis, care, or treatment of the
illness, injury, or condition involved in the instant claim for malpractice.” The report
was not attached. 
          A party’s legal conclusions, sworn or unsworn, are not evidence and are not
sufficient to support a factual finding by the trial court, which operates as the
factfinder under section 13.01(g). See Ryland Group, Inc. v. Hood, 924 S.W.2d 120,
122 (Tex. 1996). Wade asserts that her failure to file a report was not the result of
“conscious indifference.” The motion and affidavit she filed reveal otherwise. Her
attorney was aware of (conscious of) the deadline, but simply was too busy to meet
with the expert. Wade has failed to meet her burden of showing that the trial court
abused its discretion by denying her motion to reinstate. 
          We overrule point of error three.
Conclusion
          We affirm the judgment of the trial court.
 

                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Nuchia, Hanks, and Higley.