

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-20-00273-CV
_____

JEFFNA MCKINNEY, INDIVIDUALLY AND AS EXECUTRIX
OF SID TALLEY'S ESTATE, APPELLANT

V.

LEE BIVINS FOUNDATION D/B/A BIVINS POINTE AND BETTY BIVINS
CHILDERS FOUNDATION D/B/A BIVINS POINTE, APPELLEES

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 109,178-C-CV; Honorable Ana Estevez, Presiding

June 25, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Jeffna McKinney, Individually and as Executrix of the Estate of Sid Talley (hereinafter "McKinney") brings this appeal to challenge the trial court's order granting a motion to dismiss filed by Appellees, Lee Bivins Foundation d/b/a Bivins Pointe and Betty Bivins Childers Foundation d/b/a Bivins Pointe (hereinafter "Bivins Pointe"), in

her health care personal injury liability claim, based on McKinney's failure to file a qualified expert report. Through a single issue, McKinney argues the trial court abused its discretion when it dismissed her claim without holding a hearing. For the reasons stated, we will affirm the trial court's order.

BACKGROUND

This is an appeal involving a healthcare liability claim governed by chapter 74 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 74.001 *et seq*. (West 2020). McKinney's father, Sid Talley, was a resident at a Bivins Pointe senior healthcare facility. In November 2017, a nurse employed by the facility negligently inserted a foley catheter into Talley's body. The catheter was inflated in an improper position, causing injury.

McKinney filed a healthcare liability claim based on this incident. She filed and served an expert report in an effort to comply with the requirements of chapter 74. In doing so she provided the expert report and curriculum vitae of Marshall Dawkins, MSN, APRN, FNP-BC. Mr. Dawkins is a nurse. Bivins Pointe objected to McKinney's expert report, arguing that Marshall was not qualified to opine on causation because he is not a physician. Under chapter 74, physicians or persons otherwise qualified to render an opinion under the Rules of Evidence on the causal relationship between the injuries sustained and the negligent conduct alleged are qualified to opine as to causation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.403. Accordingly, following the expiration of the statutory 120-day period, Bivins Pointe filed a motion to dismiss McKinney's suit on this basis. The trial court took the matter under consideration by submission, and three days later granted the motion to dismiss.

Thereafter, McKinney filed a motion for new trial, acknowledging the expert report was deficient with regard to causation but arguing she was entitled an opportunity to cure that deficiency. She filed the supplemental expert report of Dr. Keith D. Bjork, M.D., in an attempt to cure the deficiency of her initial expert report. Her motion for new trial was overruled by operation of law, and she has chosen to pursue this appeal.

**ANALYSIS**

**STANDARD OF REVIEW AND APPLICABLE LAW**

We review a trial court's decision regarding a motion to dismiss under chapter 74 of the Texas Civil Practice and Remedies Code under an abuse of discretion standard. *Van Ness v. ETMC First Physicians*, 461 S.W.3d 140, 142 (Tex. 2015) (citation omitted). In reviewing the trial court's decision, we do not substitute our judgment for that of the trial court in reviewing factual matters or matters committed solely to the trial court's discretion. *In re Mem'l Hermann Hosp. Sys.*, 464 S.W.3d 686, 698 (Tex. 2015) (citations omitted). Under that standard "[a] trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Blevins v. Emad Mikhail Bishai*, No. 09-16-00071-CV, 2017 Tex. App. LEXIS 3524, at *17-18 (Tex. App.—Beaumont April 20, 2017, no pet.) (mem. op.). A trial court also abuses its discretion if it fails to analyze or apply the law correctly. *Blevins*, 2017 Tex. App. LEXIS 3524, at *18 (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) ("a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion")). In exercising its discretion, it is binding on the trial court to review the reports, sort out their content, resolve any inconsistencies, and decide whether the reports demonstrate a good faith

3

effort to show that the plaintiff's claims have merit. *Van Ness*, 461 S.W.3d at 144. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351.

### FAILURE TO HOLD A HEARING PURSUANT TO CHAPTER 74

Via her sole appellate issue, McKinney argues the trial court abused its discretion by dismissing her healthcare liability claim without holding a hearing or notifying her that the matter was set for hearing. She contends chapter 74 requires an actual temporal hearing before dismissing such a suit on the basis of a deficient expert report. We disagree.

Section 74.351(l) provides that "[a] court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent an objective good faith effort to comply with the definition of an expert report in Subsection (r)(6)." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(l). We find, as have other courts, that the statute's use of the word "hearing" does not require the trial court to hold an actual hearing, attended by the parties. Instead, the trial court may decide the matter on written submission, where all parties are represented solely by the pleadings on file. *Blevins*, 2017 Tex. App. LEXIS 3524, at *22-24 (citing *Jackson v. Reardon*, 14 S.W.3d 816, 819 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (stating that "[a]rticle 4590i [the predecessor to chapter 74] does not expressly require an oral hearing on a motion to dismiss"). S*ee Martin v. Martin, Martin & Richards, Inc*., 989 S.W.2d 357, 359 (Tex. 1998) (discussing the necessity of an in-person oral hearing in the context of a motion for summary judgment, saying "[u]nless required by the express language or the context of the particular rule, the term 'hearing' does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court").

Courts have held that as a general rule, "an adjudication based on written materials alone is sufficient." *Blevins*, 2017 Tex. App. LEXIS 3524, at *23 (citing *Jackson*, 14 S.W.3d at 819 (concluding the court conducted the statutorily-required hearing "based on written materials alone . . ."); *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 781 (Tex. 2005) (noting that "[m]any pretrial 'hearings' take place entirely on paper"); *Norris v. Tenet Houston Health Sys.*, No. 14-04-01029-CV, 2006 Tex. App. LEXIS 4600, at *13-14 (Tex. App.—Houston [14th Dist.] May 30, 2006, no pet.) (mem. op.) (a motion to dismiss pursuant to former Medical Liability and Insurance Improvement Act may be decided on written materials alone); *Mocega v. Urquhart*, 79 S.W.3d 61, 64 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (holding that a motion to dismiss pursuant to article 4590i may be properly "heard" by submission)). We note also that any oral argument or testimony would fall outside the four corners of the expert report. *Blevins*, 2017 Tex. App. LEXIS 3524, at *24 (citations omitted). We thus conclude the trial court did not err in dismissing McKinney's claim without holding an oral hearing or providing notice thereof. *See Sampson v. E. Tex. Med. Ctr. Tyler*, No. 12-17-00170-CV, 2018 Tex. App. LEXIS 561, at *10-11 (Tex. App.—Tyler Jan. 18, 2018, no pet.) (mem. op.) (reaching same conclusion). Moreover, even assuming an oral hearing was required, we cannot find the trial court abused its discretion in dismissing McKinney's claim.

Chapter 74 of the Texas Civil Practice and Remedies Code requires healthcare liability claimants to serve an expert report on each defendant not later than 120 days after that defendant's answer is filed. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). Under chapter 74, a defendant is entitled to dismissal of a healthcare liability claim if, within 120 days of filing suit, the defendant is not served with an expert report showing

the claim has merit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a), (b); *Post Acute Med., L.L.C. v. Montgomery*, 514 S.W.3d 889, 892 (Tex. App.—Austin 2017, no pet.). Chapter 74 has specific requirements for an adequate expert report and requires "an objective good faith effort" be made to comply with the requirements, but it also authorizes the trial court to grant one thirty-day extension for the claimant to cure deficiencies in an otherwise timely filed expert report. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(c), (l); *Post Acute Med., L.L.C.*, 514 S.W.3d at 892. "The trial court should err on the side of granting the additional time and must grant it if the deficiencies are curable." *Post Acute Med., L.L.C.*, 514 S.W.3d at 892 (footnotes omitted).

> Chapter 74 defines an "expert report" as a
>
> written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6).

To constitute a "good faith effort," as the Texas Supreme Court has explained, the report must include the expert's opinion on "each of the three main elements: standard of care, breach, and causation," and must provide enough information to fulfill two purposes with respect to each element: (1) it must inform the defendant of the specific conduct the plaintiff has called into question; and (2) it must provide a basis for the trial court to conclude that the claims have merit. *Gonsoulin v. Zamarripa*, No. 13-18-00483-CV, 2020 Tex. App. LEXIS 1364, at *13-14 (Tex. App.—Corpus Christi-Edinburg, Feb. 20, 2020, no pet.) (mem. op.) (citing *Jelinek v. Casas*, 328 S.W.3d 526, 538-40 & n.9 (Tex. 2010); *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878-79 (Tex. 2001)). A

6

plaintiff does not need to present all of her proof or expert testimony in a form that would be admissible at trial but is required to have the expert "explain the basis for his statements to link his conclusions to the facts" and not merely state conclusions. *Jelinek*, 328 S.W.3d at 539-40. The Supreme Court held that "[a] report that merely states the expert's conclusions about the standard of care, breach, and causation" does not fulfill the two purposes of a good-faith effort. *Palacios*, 46 S.W.3d at 879.

McKinney argues that the expert report was arguably deficient in only one respect, i.e., causation, because her expert, Dawkins, was a nurse and not a physician as required under the appliable law. She argues, however, that the trial court should have had before it the benefit of all of the information, including her supplemental expert report by a physician, before it dismissed her claim. She argues she was denied an opportunity to be heard and an opportunity to cure the alleged defect in her expert report. As such, she contends, it "would be an injustice to deny a righteous medical negligence case based upon a statutorily-curable deficient element." McKinney states in her appellate brief that she "fully expected, after hearing, that the trial court would grant the 30-day extension provided by Chapter 74 to allow [McKinney] to correct the deficient element. But that hearing never occurred. In fact, [McKinney] had (and has) a physician prepared to opine on the one deficient element, causation."

As noted above, the trial court is permitted to conduct the statutorily required hearing based on the written materials alone. The record here indicates the trial court did just that. While McKinney appears to have relied on the trial court's granting of an

7

extension,[1] the trial court was not required to do so and, by its failure to grant such an extension, implicitly indicated it did not believe the information before it warranted any such extension. We cannot find the trial court abused its discretion on that basis.

Furthermore, we must agree with Bivins Pointe that McKinney's supplemental expert report by Dr. Bjork failed to cure the deficiency in her initial report. Among other reasons, the supplemental report does not cure the deficiency because McKinney failed to show Dr. Bjork was qualified to opine on urethral injuries of the nature sustained by Sid Talley. *See Broders v. Heise*, 924 S.W.2d 148, 151 (Tex. 1996) (citations omitted) (the qualification of a witness as an expert is within the trial court's discretion). Dr. Bjork's expert report and attached curriculum vitae show Dr. Bjork is a doctor of orthopedic surgery. *See In re Stacy K. Boone, P.A.*, 223 S.W.3d 398, 404 (Tex. App.—Amarillo 2006, orig. proceeding) (the determination of qualifications to provide an expert report "must be made on the basis of the contents of the report and his curriculum vitae"). His education and experience show his expertise is in the area of orthopedics, including sports medicine. Nothing in the material provided in the supplemental report shows Dr. Bjork has any expertise in urethral injuries such as would qualify him to render an opinion

---

[1] McKinney cites *In re Buster*, 275 S.W.3d 475, 477 (Tex. 2008), to support her proposition that the trial court should not have granted Bivins Pointe's motion to dismiss without a hearing because, in her view, her suit is not frivolous and had an oral hearing been held, the court would have granted the 30-day continuance. The Court in *In re Buster* determined the trial court did not err in granting the continuance because the report submitted constituted a good-faith effort. If the same had occurred here, we would likely conclude the trial court did not err in granting the continuance. However, those are not the circumstances before us, and we cannot conclude the trial court abused its discretion in granting the motion to dismiss without granting the continuance when nothing in the record indicates the court acted in an arbitrary or unreasonable manner without reference to any guiding rules or principles or that it applied the law incorrectly.

as to causation in this matter.[2]  *See Broders*, 924 S.W.2d at 152-53 (discussing realities of medical specialization and requirements for expert physicians).  As such, McKinney has not shown that Dr. Bjork "possesses special knowledge as to the very matter on which he proposes to give an opinion."  *Id.* (citations omitted).  Therefore, we do not find any abuse of discretion in the trial court's ruling.  Accordingly, we resolve McKinney's issue against her.

CONCLUSION

Having overruled McKinney's sole appellate issue, we affirm the order of the trial court.

Patrick A. Pirtle
Justice

---

[2] In her reply brief, McKinney states the "Bjork report is particularly instructive because it recognizes that the treating urologist (Dr. Virgil Pate) of Appellant's father also recognized Appellees' negligence."  This assertion in the report is insufficient to overcome the deficiency as Bjork, the physician who authored the supplemental expert report, still does not possess the requisite special knowledge as to the matter on which he was asked to opine.